## UNITED STATES *v.* ALLEN.

### APPEAL FROM THE COURT OF CLAIMS.

No. 232. Argued March 1, 1923.—Decided March 12, 1923.

Under the Act of May 22, 1917, c. 20, 40 Stat. 84, providing that, during the War, warrant and petty officers and enlisted men of the Coast Guard should receive the same rates of pay as those prescribed for corresponding grades or ratings and length of service in the Navy, a yeoman of the Coast Guard, whose duties and qualifications in fact corresponded to those of a chief yeoman in the Navy, was entitled to the greater pay of the latter position, notwithstanding an order of the Secretary of the Navy making a different classification. P. 319.

56 Ct. Clms. 265, affirmed.

APPEAL from a judgment of the Court of Claims awarding a sum as additional pay to a yeoman of the Coast Guard.

*Mr. Assistant to the Attorney General Seymour,* with whom *Mr. Solicitor General Beck* was on the brief, for the United States.

*Mr. George A. King,* with whom *Mr. William B. King* and *Mr. George R. Shields* were on the brief, for appellee.

MR. JUSTICE McKENNA delivered the opinion of the Court.

Action for $600.00 based on the claim of Allen, who was a yeoman in the Coast Guard, for pay at the rate fixed by law for a chief yeoman in the Navy from April 6, 1917,

to May 28, 1919, under the following provisions of the Act of May 22, 1917, c. 20, 40 Stat. 84: "An Act To temporarily increase the commissioned and warrant and enlisted strength of the Navy and Marine Corps, and for other purposes." Section 15: ". . . . That during the continuance of the present war, warrant officers, petty officers and enlisted men of the United States Coast Guard shall receive the same rates of pay as are or may hereafter be prescribed for corresponding grades or ratings and length of service in the Navy." Section 13: " Nothing contained in this Act shall operate to reduce the rank, pay, or allowances that would have been received by any person in the Navy, Marine Corps, or Coast Guard except for the passage of this Act."

Judgment was rendered for $486.32, to review which this appeal is prosecuted.

The question presented is not the absolute rank of Allen but the correspondence of his duties and his emolument to those of chief yeoman in the Navy.

The Commandant of the Coast Guard submitted, June 5, 1917, to the Chief of the Bureau of Navigation of the Navy Department a tabular statement showing the several grades and ratings in the Navy to which the Coast Guard grades or ratings corresponded. This tabular statement was arranged on the basis of the duties and responsibilities of the several ratings.

In this table a ship's writer was put down as corresponding to a yeoman, first class, in the Navy, and a yeoman in the Coast Guard to a chief yeoman in the Navy. October 10, 1917, the Secretary of the Navy issued a general order giving the corresponding grades in which both ship's writers and yeomen in the Coast Guard were tabulated as corresponding to yeoman, first-class, in the Navy instead of chief yeoman in the Navy. The tabulated statement by the Commandant of the Coast Guard was in many other respects changed by the Navy Depart-

ment. The action of the Navy Department was carried out by a circular letter from the Coast Guard headquarters, and, according to it, pay of all petty officers and nearly all enlisted men in the Coast Guard was higher than the pay in the Navy, thus giving to such officers no benefit of § 15 of the Act of May 22, 1917.

Allen, during the time covered by his claim, was paid as a yeoman in the Coast Guard, $1,783.80; as chief yeoman in the Navy, he would have received $2,270.12, a difference of $486.32.

The finding of the court was that he was entitled to recover the sum of $486.32 more than that which he did receive, and it awarded him judgment for that amount, rejecting the contention of the Government that " the fact that Congress did not expressly provide what grades and ratings of the Coast Guard should be considered ' corresponding ' to the grades and ratings in the Navy left that fact to be determined by the Secretary of the Navy."

The finding and judgment of the court are in accordance with a table of grades and ratings submitted by the Commandant of the Coast Guard, pursuant to § 15 of the Act of May 22, 1917, above referred to. To this table of ratings, and the action of the Commandant, the United States opposes the order of the Secretary of the Navy, No. 329, and maintains that it was the duty of the latter, under the Act of May 22, 1917, in order to standardize the pay of the Coast Guard and Navy, to determine what were the corresponding grades or ratings. " That preliminary question was required to be settled before any pay could be fixed or allowed." And further, " The Secretary of the Navy, acting in his administrative capacity, and within his discretionary powers, promulgated a table of grades and ratings under which the claimant [Allen] was paid."

To these contentions the court gave attentive and elaborate consideration, and determined that they were con-

trary to the purpose of the Act of May 22, 1917, fixing the pay of petty officers and enlisted men during the continuance of the war with Germany so that they should receive the same pay prescribed for corresponding grades and ratings in the Navy. It held that the test of correspondence or equality was the duties and responsibilities of yeomen in the Coast Guard and yeomen in the Navy. In other words, it was the judgment of the court, that, as the duties and qualifications of the officers were identical, their pay should be the same. Correspondence of duties is a question of fact, not a matter of deference to the judgment of the Secretary of the Navy.

The court said, " The statute (act of May 22, 1917) was passed by Congress for the purpose of equalizing as far as possible the pay of officers of the Coast Guard with that of officers of the Navy. The act attempted to assimilate the pay, and the court in construing the act will, so far as conditions admit, put such a construction upon it as will carry out the intent of Congress. In the case at bar a Coast Guard officer renders similar service to that rendered by a naval officer, has the same duties to perform, and possesses the same qualifications; the pay of the Coast Guard officer can be assimilated to the pay of the officer of the Navy, and therefore we think that the plaintiff is entitled to receive the pay prescribed for chief yeoman in the Navy."

The conclusion was that the purpose of the act was " to establish uniformity in the pay of like officers in the Coast Guard and the Navy," and that it could not be defeated by an administrative order of the Secretary of the Navy. Hence, the further conclusion was that Allen was entitled to recover the sum of $486.32 and it was so ordered.

We concur, and affirm the judgment.

*Affirmed.*