Campbell, Chief Justice,
delivered the opinion of the court:
These two cases were argued and heard together. In the first case the question presented is whether Naval Commander Hetherington, who was on the retired list, should have received the pay and allowances of his grade of commander during the period of his active duty service in time of war. The second suit is by his daughter, suing in her own right and as guardian of her brother, the two being the only surviving children of Commander Hetherington, and the question there is whether the children of a retired officer of the Navy, who. was at the time of his death, on September 16, 1917, serving on active duty, are entitled to the benefits conferred by the act of August 22, 1912, 37 Stat. 329, as amended by the act of March 3, 1915, 38 Stat. 938, and as further amended by the act of October 6, 1917, 40 Stat. 392.
Considering the latter question first, there can be no question that the first of these acts was passed for the benefit of the widow or children, or other designated dependents, of the officer or enlisted man “ on the active list.” It provides for the immediate payment to such beneficiaries of an amount equal to six months’ pay at the rate received by the officer or enlisted man at the date of his death. The act of March 3, 1915, increased the benefits by forbidding the deduction “ from the six months’ gratuity pay ” of the stated sum required by the first act to be withheld. The officer was on the retired list, and except for the amendatory act of October 6 the dependents of such officer serving on active duty could not receive the gratuity.
The Government’s position is that, while the act of October 6, 1917, provides for the dependents of “ any retired *211 officer or enlisted man, serving on active duty during the continuance of the present war,” this should be confined to the dependents of those who died from wounds or diseases after the passage of the act, and that because Commander Hetherington died about three weeks before the date of the act his dependents should be excluded from any benefits under it. The title of the act (40 Stat. 392) is “An act to provide for the payment of six months’ gratuity to the widow, children, or other previously designated dependent relative of retired officers or enlisted men on active duty,” and the body of the act refers to the prior act as providing for the gratuity to dependents of “ officers and enlisted men on the active list.”
It then extends like benefits to dependents of retired officers and enlisted men “ serving on active duty, during the continuance of the present war.” Officers on the retired list were in many instances called to active duty, and while so serving in time of war it would seem that their dependents should be entitled to the same consideration that the laws accorded to dependents of officers on the active list. This was the view of the Congress, because they passed the act to accomplish that end. This conclusion is confirmed by the history of the enactment in its passage through the two Houses. (See Cong. Kec., vol. 55, p. 7815, and same volume, p. 7656.) The intent of the act as already stated was to give to the dependents of both classes (of those on the active list and of those on the retired list serving on active duty) the like gratuity, and this intent will not be given effect if we adopt the contention of the Government. The phrase “ during the continuance of the present war ” was incorporated by amendment in the draft of the bill prepared by the Navy Department, and was intended to apply to the period of the war.
In Allen's case, 56 C. Cls. 265, 275, the court gave this phrase the same meaning we give it in the instant case. The Allen ease was affirmed by the Supreme Court in an opinion rendered March 12, 1923, 261 U. S. 317. In re Landgrant Deductions, 24 Comp. Dec. 418, it was held that an act of the same date as the act under consideration here, which *212 provided for compensation to certain land-aided roads “ during the existing war emergency,” authorized the payment of such compensation for services before as well as after the date of the act. We hold, therefore, that the children of this officer are entitled to the gratuity.
The amount of the recovery, as prescribed in the act, is an amount equal to six months’ pay at the rate received by the officer “ at the date of his death.” He was receiving the shore pay of lieutenant commander after 20 years’ service, $4,000 per annum. This would lead to a recovery by the plaintiff of $2,000, unless her view be accepted that the officer should have been paid as commander after 20 years’ service, and this in turn calls for a review of the applicable statutes. These are referred to as sections 1462 and 1592, Devised Statutes, act of June 7, 1900, 81 Stat. 703, act of August 22, 1912, 37 Stat. 329, and act of August 29, 1916, 39 Stat, 581.
Section 1462 of the Devised Statutes provides that no officer on the retired list of the Navy shall be employed on active duty, except “ in time of war,” and section 1592 assures to them, when on active duty, the full pay of their respective grades.
The act of June 7, 1900, was by its terms limited to 12 years and has therefore expired. The act of August 22,1912, authorizes the ordering of any naval officer on the retired list, “ with his consent ” and in the discretion of the Secretary of the Navy, to certain active duty and prescribes his pay while so employed “ in time of peace.” The act of August 29, 1916, has a proviso as follows:
“ Provided, That hereafter any retired officer of the naval service who shall be detailed on active duty shall, while so serving, receive the active duty pay and allowances of the grade, not above that of lieutenant commander in the Navy or of major in the Marine Corps, that he would have attained in due course of promotion if he had remained on the active list for a period beyond the date of his retirement equal to the total amount of time during which he has been detailed on active duty since his retirement: Provided, That nothing herein shall be construed to reduce the pay of any retired officer on active duty whose retired pay exceeds the active duty pay and allowances for the grade of lieutenant commander.”
*213 Prior to this last act we would find no difficulty in distinguishing cases arising under these statutes for the reason, already stated, that section 1482 refers to time of war and the act of 1912 to time of peace and the latter act also provides for a detail with the officer’s “ consent.” But the act of 1916 does not in terms mention either of these periods, . and the question is whether it applies to one or the other of the periods or may apply to both “ time of war ” and “ time of peace.” The language of the act is sufficiently broad to include service in time of war. It appears that prior to this enactment the employment of a retired officer on active duty without “his consent” was limited to time of war. There is nothing in the language of the act that limits its operation to details with the consent of the officer. Its terms are not ambiguous. It is the court’s duty to give full scope to the enactment unless it clearly appear that the intent of the act is such that it should have a more limited application. This intent is primarily to be sought in the language of the act itself, and as already said, the language comprehends any retired naval officer detailed on active duty.
It is, however, insisted by plaintiff that this act of 1916 should be limited to “time of peace,” and there is cited in support of this position an opinion of the comptroller, rendered April 30, 1917, in reply to a request by the Secretary of the Navy, as to the pay and allowances which all retired officers of the Navy above the grade or rank of lieutenant commander are entitled to receive .when employed on active duty in time of war. See 23 Comp. Dec. 603. He held that retired officers of the Navy above the rank of lieutenant commander while employed on active duty in time of war are entitled to the full pay and allowances of their grade. He limited the decision, however, to retired officers who were called to active duty “ since the war began.” In another decision rendered August 14, 1917, the comptroller ruled that Commander Hetherington was not entitled to the pay of his rank because it did not appear that he was ordered to active duty other than the service he had long been performing as governor of the Naval Home. See 24 Comp. Dec. 114. It is proper to say in this connection that the *214 facts found here show that Coinmander Hetherington was detailed to active service of an important and arduous kind in addition to the duties of governor of the Naval Home, so that unless prevented by the act under consideration the officer was entitled to the additional pay under the decision first mentioned.
The plaintiff also urges the consideration that many officers may have received the additional pay and allowances authorized by the comptroller’s ruling, and that a decision by the court contrary to that of the comptroller might unsettle their accounts. This matter is not, however, involved in the case before the court, and the supposed evils are hardly substantial, because of the Dockery Act. A reference to the history of the act in its passage through Congress is appropriate. It is a proviso contained in the naval service appropriation act, which, of course, originated in the House, being H. E. 15947. When under consideration in the Senate an amendment was offered by the committee in the language of the proviso as it appears in the act, 39 Stat.-581. To this amendment containing the words “not above that of lieutenant commander” Senator Weeks offered an amendment striking out lieutenant commander and inserting commander. He gave as one of his reasons for the proposed amendment that a retired officer in the admirals’ list would receive less pay as a lieutenant commander on the active list than he would as a retired officer in the grade at which he was retired.
In opposition to this amendment by Senator Weeks it was pointed out by Senator Swanson, in charge of the bill, that the pay provided for the retired naval officers conformed to the Army pay. Th’e next day Senator Weeks withdrew his amendment because, as he stated, the proposition contained in the bill conformed with the law applicable to the Army. The committee’s amendment, being the two provisos already mentioned, was then adopted. (See Cong. Rec., vol. 53, pp. 10965 and 11024.) The bill as amended by the Senate was accepted by the House. It appears therefore that the very question here involved was raised on the passage of the act in at least one of the Houses with the result stated. We hold that Congress intended the act of 1916 to apply, according to *215 its terms, to the pay of retired officers on active duty in time of war, and that the plaintiff’s intestate could not receive more than the pay and allowances of lieutenant commander. We express no opinion as to its effect on the employment on active duty in time of peace. The fact that the concluding proviso forbids the reduction of pay of any retired officer “ whose retired pay exceeds the active duty and allowances for the grade of lieutenant commander ” shows the purpose of the prior provision to be as we have stated, because otherwise there would be no necessity for the proviso itself.
There is a provision in the national defense act of June 3, 1916, 39 Stat. 183, similar to the one in the naval act of 1916, and also there is a proviso relating to retired officers of the Army who may “ in the discretion of the President ” be employed on active duty. This proviso affects retired officers called to service, in the discretion of the President, as distinguished from those called by the Secretary of War. (See 23 Comp. Dec., 605, limiting 23.Comp. Dec., 577.) This provision can not be looked to as affecting rights asserted in the instant case.
Our conclusion is that the petition of the administratrix should be dismissed, but that the children of the deceased officer are entitled to recover the sum of $2,000. And it is so ordered.
G-eaham, Judge; Hay, Judge; Downey, Judge; and Booth, Judge, concur.