Hat, Jxidge,
delivered the opinion of the court: ‘
This is a suit brought by the plaintiff to recover from the United States the sum of $387.95, which he claims is due him by virtue of the provisions of the act of Congress of April 16, 1918, 40 Stat. 530. The act reads as follows:
“Be it enacted, etc., That during the present emergency every commissioned officer of the Army of the United States on duty in the field, or on active duty without the territorial jurisdiction of the United States, who maintains a place of abode for a wife, child, or dependent parent, shall be furnished at the place where he maintains such place of abode, without regard to personal quarters furnished him elsewhere, the number of rooms prescribed by the act of March 2, 1907 (34 Stat. p. 1169), to be occupied by, and only so long as occupied by, said wife, child, or dependent parent; and in case such quarters are not available every such commissioned officer shall be paid commutation thereof and commutation for heat and light at the rate authorized by law in cases where public quarters are not available; but nothing in this act shall be so construed as to reduce the allowances now authorized by law for any person in the Army.”
The title of the act is as follows: “An act to provide quarters or commutation thereof to commissioned officers in certain cases.”
The amount which the plaintiff claims is the amount to which he would be entitled if he were allowed commutation *478 of quarters from November 15, 1917, to April 16, 1918, the date of the passage of the act. The plaintiff claims that the words in the act “ That during the present emergency ” make the act retroactive to the declaration of war, April 6, 1917.
In support of this contention our attention is directed to three cases decided by this court, one of which was on appeal affirmed by the United States Supreme Court. The first case is that of Allen v. United States 56 C. Cls. 265, which was affirmed by the Supreme Court, 261 U. S. 317. Thomson v. United States, 58 C. Cls., 207, and International & Great Northern Ry. Co. v. United States, 56 C. Cls. 336, are the other two cases referred to.
In the Allen ease the court was construing a statute which had for its purpose the equalizing of the pay of officers of the Coast Guard with the pay of corresponding officers of the Navy “ during the continuance of the present Avar.” It was in that act plainly the intent of Congress to equalize the pay of officers of the Coast Guard with those of corresponding rank in the Navy during the Avar, and in order to give effect to that intent this court held that the pay began from the. beginning of the Avar. To have construed the statute otherwise Avould haAre been to liaAux defeated the plain intent of the legislature.
The Thomson case, AAdiich arose under the act of October 6, 1917, 40 Stat. 392, Avas the case of the dependents of a retired officer Avho died AAdiile on active sendee, and before the date of the passage of the act, AAdiich proAdded for the payment of six months’ gratuity to the Avidow, children, ox-other preAdously designated dependent relative of retired officers or enlisted men on active duty, and the act further provides like benefits to dependents of retired officers and enlisted men “serving on actUe duty, during the continuance of the present Avar.” Manifestly the intent of Congress was to extend to the dependents of retired officers on actiwe service during the Avar the same consideration AAdiich was given to dependents of officers on the active list, and was intended to apply to the period of the Avar; and that the act applied to all retired officers, Avliether they died before the passage of the act or not, is plain, for otherwise a discrimination Avould be made Avhich Avould be manifestly *479 unjust and repugnant to the purpose^ of Congress in passing the act.
The decision in the railroad case above referred to is based upon the same principles as the Allen and Thomson cases. Congress was undertaking to equalize for the period of the war the compensation to be paid certain railroads, and that could only be done effectively by applying the act to the whole period of the war.
In the instant case there is no question of equalizing pay. The act confers upon all commissioned officers certain rights, rights which none of them had before the passage of the act. Quarters or commutation of quarters, before the passage of the act under consideration were well defined, and were provided for in sundry acts of Congress. The act of April 16, 1918, gave rights to commissioned officers which they had not before enjoyed. It applied to all officers alike, and they all alike had the advantage of the act from the date of its passage.
The plaintiff insists that the proper construction of the act would give him commutation of quarters, not only from the date of the passage of the act but from the beginning of the war. He contends that the words “that during the present emergency,” makes the act retroactive in its effect.
It is a rule of construction that a statute is not to be construed to act retrospectively unless no other meaning can be given it or unless the express or necessarily implied intention of the legislature can not be otherwise satisfied. And it is not within the province of the court by mere interpretation of the act, not justified by its language, to do something which is within the exclusive province of the legislature. For if Congress had intended that the benefits to be derived from the act should have related back to the beginning of the war, it could have said so, and we can not escape the conclusion that it would have said so, and would have declared its purpose in distinct terms.
Moreover, it seems to us that this question has been settled by a decision of the Supreme Court of the United States. In the case of White v. United States, 191 U. S. 545, 551, the court, in passing upon certain provisions of the Navy Personnel Act March 3, 1899, 30 Stat. 1004, has dis *480 cussed very fully the principles governing the construction of statutes providing for pay and allowances. The part of the statute particularly under consideration in that case was as follows: “And that all officers, who have be’en or may be appointed to the Navy from civil life shall, on the date of appointment, be credited, for computing their pay, with five years’ service.” The plaintiff in that case was appointed from civil life to the Navy in 1887, and he claimed that he was entitled, as of the date of his appointment, to be credited with five years’ service under the provision of the statute above cited. The court denied the claim and refused to give a retroactive construction to the statute. The court in rendering its decision said among other things: “ It is equally true that it is the business of courts to decide what the law is, and not by consideration or surmises as to the, policy of the Government have the effect to adjudge that to be law which has not been so enacted by the legislature.” And again: “ Where it is claimed that a law is to have a retrospective operation, such must be clearly the intention, evidenced in the law and its purposes, or the court will presume that the law-making power is acting for the future only and not for the past; that it is enacting a rule of conduct which shall control the future rights and dealings of men, rather than review and affix new obligations to that which has been done in the past.” “ Retrospective legislation is not favored. Retrospective laws which have been sustained in the courts have ordinarily had the effect to remedy irregularities in legal procedure, assessment of property for taxation, and the like.”
The White case above cited is a stronger case for the plaintiff than the instant case. Congress undoubtedly has the power by retroactive legislation to provide bounties and gratuities for the officers of the Army and Navy, but the intent to do so must be derived from the statute itself and not from what the court might consider the proper policy of Congress to pursue under the circumstances. In Twenty Per Gent cases, 20 Wall 179-187, the court says: “Even though the words of a statute are broad enough in their literal extent to comprehend existing cases, they must yet be construed as applicable only to cases that may hereafter *481 arise, unless the language employed expresses a contrary intention in unequivocal terms.” A claim for commutation of quarters under the circumstances set out in the statute never was in existence until the passage of the act, and in order to render a judgment for the plaintiff in this case the court would be obliged to violate the rules of construction of statutes which have been followed in a long line of decisions of the Supreme Court and of this court.
The petition of the plaintiff must be dismissed. It is so ordered.
Graham, Judge; Downey, Judge; Booth, Judge, and Campbell, Chief Justice, concur.