Git ah am, Judge,
delivered the opinion of the court:
The plaintiff, a No. 1 surfman in the Coast Guard and classified as a petty officer of the first class,' claims that his grading should be that of a chief boatswain’s mate in the *410 Navy by assimilation of pay under the act of May 22, 1917, 40 Stat. 87, which is as follows:
“ That during the continuance of the present war, warrant officers, petty officers, and the enlisted men of the United States Coast Guard, shall receive the same rates of pay as are or may hereafter be prescribed for corresponding grades or ratings and length of service in the Navy.”
In the case of Allen v. United States, 56 C. Cls. 265; 261 U. S. 317, a question somewhat similar to the one before us was involved, and the court held that it was a question of fact; that is, whether the responsibilities and duties of the two positions mentioned are the same, or whether there is in the Navy any corresponding grade or rating to that of a No. 1 surfman in the Coast Guard. In the Allen ease the commandant in the Coast Guard found, and so reported, that the grade of yeoman in the Coast Guard corresponded to that of chief yeoman in the Navy. The Secretary of the Navy disagreed with this and found that there was no grade or rating in the Navy which corresponded with that of yeoman in the Coast Guard. The court in passing upon the facts concluded that the Secretary was wrong and the commandant was right.
In the case under consideration there is no difference at all between the reports of the commandant of the Coast Guard and the Secretary of the Navy. Both found that there is in the Navy no rank or grade corresponding to that of No. 1 surfman in the Coast Guard. The court has found (Finding V) that the duties of a No. 1 surfman do not correspond to any grade or rating or length of service in the Navy.
After the commandant and Secretary had reached the conclusions stated, which were presumably known to Congress, the latter passed the act of May 18, 1920, 41 Stat. 603, in which the base pay of a surfman in the Coast Guard is fixed at $70 a month. It would seem that Congress would not have made such specific provision for the salary of the position if it had recognized that there was any assimilation of the grade of surfman in the Coast Guard and that of petty officer in the Navy.
*411 It is worthy of note that if the contention of plaintiff is correct that the legal pay of No. 1 surf man prior to the passage of the latter act was more than $70, the amount fixed by that act, then Congress, by the act reduced the pay of the position, a very unusual procedure for Congress when dealing with the compensation of military and naval positions.
The petition should be dismissed, and it is so ordered.
Hat, Judge; DowNet, Judge; Booth, Judge; and Campbell, Chief Justice, concur.