Booth, Chief Justice,
delivered the opinion of the court:
The plaintiff, on May 23, 1917, became a rear admiral in the Navy. On January 6, 1923, he was placed upon the retired list, having attained the legal age of retirement. Prior to his retirement the plaintiff was receiving pay at the rate of $8,000 per annum, the pay legally due a rear admiral in the upper half of the grade of rear admiral. Subsequent to his retirement his pay continued at the rate of $6,000 per annum.
On June 8, 1923, the plaintiff received an order to accompany President Harding to Alaska. This order was a lawful one and not challenged. On June 20, 1923, the plaintiff obeyed the above order and he continued with President Harding until August 1, 1923, when an order detached him from duty and directed his return to Washington. Subsequent to his arrival in Washington and on August 7, 1923, another order directed the plaintiff to attend the funeral of President Harding at Marion, Ohio; this latter duty being discharged by leaving Washington August 8, 1923, and returning to Washington August 10, 1923. The plaintiff during all this period of time was a married man, a rear admiral of the Navy of more than thirty years’ service, performing the above active duty with his consent. For the active service performed by plaintiff he has received his *754 pay as a rear admiral of the upper half on the retired list and mileage for distances traveled. He now sues to recover what is alleged as his lawful pay for this short period of active duty, under the provisions of the act of August '29, 1916 (39 Stat. 581), which is in terms as follows:
“ * * * hereafter any retired officer of the naval service who shall be detailed on active duty shall, while so serving, receive the active duty pay and allowances of the grade, not above that of lieutenant commander in the Navy or of major in the Marine Corps, that he would have attained in due course of promotion if he had remained on the active list for a period beyond the date of his retirement equal to the total amount of time during which he has been detailed on active duty since his retirement: Provided, That nothing herein shall be construed to reduce the pay of any retired officer on active duty whose l'etired pay exceeds the active duty pay and allowances for the grade of lieutenant commander.”
The plaintiff’s claim for extra pay as herein contended for was denied him upon a holding that section 17 of the act of June 10, 1922 (42 Stat. 625), repealed the act of August 29, 1916 (supra), and hence no provision of law authorized a greater pay to him than his retired pay of $6,000 per annum. Section 17 of the act of June 10, 1922, is as follows:
“ That on and after July 1, 1922, retired officers and warrant officers shall have their retired pay, or equivalent pay, computed as now authorized by law on the basis of pay provided in this Act: Provided, That nothing contained in this Act shall operate to reduce the present pay of officers, warrant officers, and enlisted men now on the retired list or officers or warrant officers in an equivalent status of any of the services mentioned in the title of this Act. * * * Betired officers of the * * * Navy, * * * below the grade of brigadier general or commodore and retired warrant officers and enlisted men of those services, shall, when on active duty, receive full pay and allowances.”
It is conceded that if the plaintiff is entitled to the pay and allowances of a lieutenant commander in the Navy under the act of August 29, 1916, he is entitled to a judgment for $170. So that the sole issue involved is whether the seventeenth section of the act of June 10 1922, repealed the *755 prior act of August 29,1916, with respect to active-duty pay for a retired officer of the Navy. The seventeenth section of the act of June 10, 1922, contains no express provision for the pay of a retired Naval officer on active duty with the rank and grade of the plaintiff. The section does provide expressly for active-duty pay to all retired officers of the Army and Navy below the grade of brigadier general or commodore, and awards such officers full active-duty pay and allowances. The plaintiff obviously does not fall within this provision, and unless it may be held that the act of June 10,1922, repeals the prior act of August 29,1916, this latter act unquestionably fixes the pay and allowances due the plaintiff for active-duty service. The Comptroller General in a decision dated August 9, 1924, awarding plaintiff mileage for travel involved in this precise active-duty service, held, “ The provision of the act of August 29, 1916, remaining applicable to Rear Admiral Rodman while on active duty, he is entitled under section 12 of the act of June 10, 1922, to mileage for travel performed under his order of June 8, 1923.” (Bureau Memo., 1924, p. 8665.) Subsequently, on May 1, 1925, the Comptroller General denied the plaintiff the pay herein contended for, holding,, among other things, as follows:
“ The subsistence and rental allowance are not payable to a retired officer on active duty if above the grade of colonel in the Army or captain in the Navy. The subsistence allowance provided by section 5 of the act of June 10, 1922 (42 Stat. 628), is payable only to a ‘ commissioned offi. er on the active list or on active duty below the grade of brigadier general or its equivalent,’ and the same is true of rental allowance provided by section 6 as amended by the act of May 31, 1924 (43 Stat. 250).
$ * $ $ $
“Admiral Rodman is not entitled to the pay- claimed because the active-list pay of a lieutenant commander after 30 years’ service is $5,250 and the retired pay of a rear admiral of the upper half is $6,000, the retired pay being greater.”
The two opinions of the comptroller when considered together would, without the modification, result in excluding from the act of June 10, 1922, all officers above the grade of *756 commodore, in so iar as active-duty pay is concerned, and yet deny to such officers the allowances provided for them under the act of August 29, 1916. In other words, the base pay of a lieutenant commander could be, under the act of August 29, 1916, awarded them, but the allowance expressly therein given them must be withheld because the fifth section of the act of June 10, 1922, provides for allowances to retired officers on active duty below the grade of commodore. We cite these opinions of the comptroller not in criticism of what has been held, but as to the existence of manifest difficulties and complications which are involved in the solution of this issue.
As pointed out by this court in the case of Gladys H. Thomson v. United States, 58 C. Cls. 207, retired officers of the Navy at first could not be detailed to active duty except “in time of war.” (Sec. 1462, Revised Statutes.) Subsequently, on August 22, 1912, an act of Congress authorized their detail to active duty with their consent, and thereafter the act of August 29, 1916, was enacted fixing the pay for active-duty service. In 1922 Congress was fully aware of the legal status with respect to active-duty pay of retired officers above the rank of brigadier general or commodore, and surely we may not ascribe to Congress an intention to disturb their rate of pay as then fixed by expressly limiting the application of section 17 of the act of June 10, 1922, to retired officers below the above grades. It is, we think, impossible to find in the act of June 10, 1922, any provision fixing the active-duty pay of a naval officer of the grade of the plaintiff herein. In all the various sections of the act of June 10, 1922, apropos of active-duty pay to retired officers and allowances granted by law, the scope of the act is expressly and designedly limited to officers below the grade of brigadier general or commodore. The title and enacting clause of the act itself read in part as follows:
“An Act To readjust the pay and allowances of the commissioned and enlisted personnel of the Army, Navy, Marine Corps, Coast Guard, Coast and Geodetic Survey, and Public Health Service.

“Be it enacted by the Senate and House of Representatives of the United/ States of America in Congress assembled,

*757 That, beginning July 1, 1922, for the purpose of computing the annual pay of the commissioned officers of the Regular Army and Marine Corps below the grade of brigadier general, of the Navy below the grade of rear admiral, * *
Both the acts of 1916 and 1922 are contained in the United States Code Annotated, enacted by Congress in 1926. Just why the court should infer, in the absence of facts other than as appear of record, that Congress intended to repeal the act of 1916 by enacting the seventeenth section of the act of 1922 is not sustained by any other argument in defendant’s brief than the bold statement that it is so. It is true that under the circumstances of this particular case denial of allowances might not work a hardship, but pay and allowances granted by law may not be predicated upon isolated cases. It is quite easy to foresee a detail to active duty upon the part of a retired officer of the Navy of the rank and grade of the plaintiff wherein the withholding of the allowances granted by the act of 1916 would work a hardship. Aside from the familiar rule of repeals by implication, it is difficult, if not impossible, to discover any provision of the act of June 10, 1922, inconsistent with the provisions of the act of 1916 in so far as herein involved. Congress was aware of retired officers on the naval list above the rank of commodore. It likewise possessed knowledge of retired officers above the rank of brigadier general in the Army, and we are not at liberty to extend express limitations of an act of Congress to the extent of comprehending officers not mentioned therein, when existing law provides for their pay and allowances.
We think the plaintiff is entitled to recover. Judgment for the plaintiff for $170. It is so ordered.
Williams, Judge; Littleton, Judge•; and Green, Judge, concur.
Whaley, Judge, did not hear this case and took no part in its decision.