Williams, Judge,
delivered the opinion:
The plaintiff, a retired rear admiral of the Navy, was recalled to active duty and served as a member of the submarine board during the period from June 29, 1928‘, to March 30,1929. The question here concerns his right to the difference between the retired pay received by him and the active duty pay provided for under the statutes.
This question has heretofore been passed upon by this court in Hugh Rodman v. United States, 70 C. Cls. 751. It was there decided that the right to the difference in the pay was provided for by the act of August 29, 1916 (39 Stat. 581), and was not repealed by the provisions of the act of June 10, 1922 (42 Stat. 625). This decision controls the issue here.
The only defense interposed by the defendant to plaintiff’s right to recover is that plaintiff has failed to show that during the time he was detailed to active duty “ he had a wife and that they were living together as husband and wife, and that he actually contributed to her support.” This defense is without merit.
Section 4 of said act of June 10,1922, provides:
“ That the term ‘ dependent ’ as used in the succeeding sections of this act shall include at all times and in all places a lawful wife * * [Italics supplied.] (42 Stat. 627.)
Counsel entirely misapprehend and misconstrue the Robey case, 71 C. Cls. 561. What the court held in that case was that an officer, who had a legal wife during the period of his claim, whom he had deserted, and with whom he refused to live as husband and wife, to whose support he contributed nothing during the entire period of the claim, and who during such period had been arrested on his wife’s complaint on a charge of nonsupport, although coming within the letter of the law did not come within its intent and spirit, and could not recover the rental and subsistence allowances provided by law for an officer with a “ lawful wife.”
It requires a gorgeous imagination to construe the decision in the Robey case as authority for the proposition that it is incumbent on the plaintiff to show that during the pe *693 riod of the claim he “ had a lawful wife and that they were living together as husband and wife, and that he actually contributed to her support[Italics ours.] The dependency of a wife is presumed by law to exist where a lawful marriage is established. Moreover the question of dependency is here only incidentally involved, the primary issue being whether plaintiff during the period of his detail to active duty was entitled to the active duty pay and allowances of a lieutenant commander as claimed by him, or whether he was entitled only to the retired pay of a rear admiral, as held by the Comptroller General.
As before stated this precise question was decided by the court in the Rodman case. Our decision in that case was reached after a careful study and consideration of the statutes involved. Upon a reexamination of the question we adhere to our former decision. We do not understand counsel for the Government questions the correctness of that decision.
The plaintiff is entitled to recover, and he is hereby awarded judgment in the sum of $906.61. It is so ordered.
LittletoN, Judge; GeeeN, Judge; and Booth, Ghief Justice, concur.
Whalet, Judge, took no part in the decision of this case on account of illness.