Williams, Judge,
delivered the opinion of the court:
The plaintiff, a lieutenant in the United States Coast Guard, was retired on July 10, 1922, for physical incapacity ■as the result of an incident of the service. At that time he had to his credit 19 years 11 months and 7 days of service. From July 10, 1922, until April 5,1926, he remained inactive on the retired list.
At the time of his retirement he was carried on the official register immediately below one Hay and above one Ride-out who were permanent lieutenants in the United States Coast Guard holding the same rank as the plaintiff as of that date. Rideout, whose name next followed that of the *642 plaintiff, bad but 19 years 8 months and 17 days of active service, or less than the 19 years 11 months and 7 days of service to plaintiff’s credit.
On January 12, 1923, with the creation of new vacancies, Rideout and Hay were both promoted to the permanent grade of lieutenant commander. Had plaintiff remained on active duty Avith them he Avould have attained that rank at the same time. Rideout and Hay had to their credit at the time of promotion to lieutenant commander, 20 years 2 months and 20 days of active service.
Thereafter, and on April 5, 1926, the plaintiff returned to active duty in the rank of lieutenant and has remained on active duty continuously since that date. By July 18, 1920, he had completed the same amount of service that Rideout and Hay had completed when they were promoted to lieutenant commander, namely, 20 years 2 months and 20 days. Both prior and subsequent to that time there were vacancies in the number of permanent lieutenant commanders in the Coast Guard.
On April 27, 1929, the plaintiff completed 23 years of active commissioned service.
The plaintiff contends that on July 18, 1926, when he had completed 20 years 2 months and 20 clays of active commissioned service, the same that Lieutenant Rideout, who was next below him on the official register, had performed when he Avas promoted to lieutenant commander in 1923, that he, the plaintiff, became entitled to the pay and allowances of a lieutenant commander, and that when, on April 27,1929, he completed 23 years’ active service he became entitled to the base pay and alloAvances of the fifth pay period as proAÚded in the act of June 10, 1922, 42 Stat. 632. The claim is based on the act of August 29, 1916, 39 Stat. 581, which, by the act of May 18, 1920, 41 Stat. 603, Avas made applicable to the United States Coast Guard. The 1916 act reads:
“* * * any retired officer of the naval service who shall be detailed on active duty shall, while so serving, receive the active duty pay and allowances of the grade, not above that of lieutenant commander in the Navy or of major *643 in the Marine Corps, that he would have attained in due course of promotion if he had remained on the active list for a period beyond the date of his retirement equal to the total amount of time during which he has been detailed on active duty since his retirement.”
As pointed out by this court in Gladys H. Thompson v. United States, 58 C. Cls. 207, retired naval officers prior to 1912 could not under the provisions of section 1462 of the Eevised Statutes be detailed to active duty except in time of war. By the act of August 22, 1912, 37 Stat. 329, it was provided that:
“Hereafter any naval officer on the retired list may, with his consent, in the discretion of the Secretary of the Navy, be ordered to such duty as he may be able to perform at sea or on shore, and while so employed in time of peace shall receive the pay and allowances of an officer of the active list of the same rank: Provided, That no such retired officer so employed on active duty shall receive, in time of peace, any greater pay and allowances than the pay and allowances which are now or may hereafter be provided by law for a lieutenant senior grade on the active list of like length of service: And provided further, That any such officer whose retired pay exceeds the highest pay and allowances of the grade of lieutenant senior grade, shall, while so employed in time of peace, receive his retired pay only, in lieu of all other pay and allowances.”
This provision vras superseded by the Act of August 29, 1916, -which was existing law in respect to active-duty pay of retired officers until July 1, 1922, the effective date of the act of June 10, 1922.
The purpose of the act of June 10, 1922, as indicated by the title of the act and as shown by the reports of committees of Congress which considered and reported it, was to readjust the pay and allowances of the commissioned and enlisted personnel of the Army, Navy, Marine Corps, Coast Guard, Coast and Geodetic Survey, and the Public Health Service. Section 1 of the act prescribes six pay periods for the commissioned personnel of the various services, below certain grades not material here, and fixes the base pay for each of the periods on the basis of rank and length of service. It provides:
*644 “ The pay of the fifth period shall be paid to * * * majors of the Army, lieutenant commanders of the Navy,, and officers of corresponding grade who have completed twenty-three years’ service * * *.
“ The pay of the fourth period shall be paid to * * * majors of the Army, lieutenant commanders of the Navy, and officers of corresponding grade who have completed fourteen years’ service * *
Section 17 deals with retired pay of officers and the active-duty pay and allowances of such officers while serving on active duty. This section as amended by the act of May 26,, 1928, reads:
“ That on and after duty 1, 1922, retired officers and warrant officers shall have their retired pay, or equivalent pay,, computed as now authorized by law on the basis of pay provided in this act, which pay shall include increases for all active duty jrerformed since retirement in the computation of their longevity pay and pay periods * * *. Active duty performed after June 80, 1922, by any officer on the retired list or its equivalent shall not entitle such officer to promotion. * * * He tired officers of the * * * Coast Guard * * * below the grade of * * * commodore and * * *, shall, when on active duty, receive full pay and allowances.”
The defendant contends that section 17 of the 1922 act supersedes the act of August 29,1916, in respect to the active-duty pay and allowances of retired officers of the Coast Guard below the grade of commodore, when on active duty.. We think the defendant is right. Obviously the provision that retired officers, when on active duty, shall “ receive full pay and allowances ” has reference to the full pay and allowances of the pay period in which their rank and service place them in the preceding provisions of the act. The-plaintiff held the rank of lieutenant, with a completed active-commissioned service of more than seventeen years, when he returned to active-service duty after retirement. His rank and service as prescribed in the act placed him in the fourth pay period for all pay purposes. He has, during the period of the claim, received the full pay and allowances of an officer of his rank and service, computed on all active serv- - ice performed before and after retirement.
*645 Rodman v. United States, 70 C. Cls. 751, relied on by plaintiff, is not in point and is not controlling. The officer in that case held the rank of rear admiral and did not come within the scope of section 17 of the act of 1922, which was by express terms limited to officers below the grade of commodore. Nothing was said in the opinion of the court material to the decision that in any way conflicts with the views here expressed. It was said:
“ In 1922 Congress was fully aware of the legal status with respect to active-duty pay of retired officers above the rank, of brigadier general or commodore, and surely we may not ascribe to Congress an intention to disturb their rate of pay as then fixed by expressly limiting the application of section 17 of the act of June 10, 1922, to retired officers below the above grades. * * * Aside from the familiar rule of repeals by implication, it is difficult if not impossible, to. discover any provision of the act of June 10, 1922, inconsistent Avith the provisions of the act of 1916 insofar as. herein involved. Congress was aware of retired officers on the naval list above the rank of commodore. It likewise-possessed knowledge of retired officers above the rank of brigadier general in the Army, and we are not at liberty to extend express limitations of an act of Congress to the-extent of comprehending officers not mentioned therein,, when existing la>v provides for their pay and allowances.”
Certainly, a holding that a retired naval officer whose rank. is not within the scope of section 17 of the 1922 act, is entitled, when on active duty, to the pay and allowances provided in the act .of August 29, 1916, does not support the-contention that the plaintiff, who does come within the provisions of section 17 of the 1922 act, is likewise entitled to-the pay and alloAvances authorized in that act.
The plaintiff having received the full pay and allowances provided in sections 1 and 17 of the act of June 10, 1922, is not entitled to recover. The petition is dismissed. It is so ordered.
Whaley, Judge; Littleton, Judge; Geeen, Judge; and,. Booth, Chief Justice, concur.