*372 MEMORANDUM BY THE COURT
1. The several items claimed, as set forth in Finding VIII, are not recoverable where the bills were rendered to disbursing officers and payments by him were received. See Oregon-Washington R. & N. Co., 255 U. S. 339; 54 C. Cls. 131; Baltimore & Ohio R. R. Co. case, 52 C. Cls. 468.
2. The deductions made by the auditor on account of combinations of fares, namely, $1,780.89 (Finding IX), were proper. The' military arrangements of 1916 and 1917 provided that any party fare used to or from basing points should be authorized as a through party fare. The Southeastern Joint Party Tariff K2 (Finding VI) provides methods for combination fares. The combinations were properly made on Vicksburg and Shreveport. See Norfolk Southern R. R. Co. case, 59 C. Cls. 517.
3. The auditor’s deductions, aggregating $16,588.13 (Finding IX), obtained by routing or making combinations on points not authorized by the interterritorial military arrangements were erroneous. See Atchison, Topeka & Santa Fe R. R. Co. case, 256 U. S. 205.
4. The auditor’s routing of the movements and consequent land-grant deductions (Finding X), were authorized by the equalization agreement (Finding V).
5. The plaintiff is entitled to recover the item of $2,208.55 (Finding XI), because of the act of October 6, 1917 (40 Stat. 361).
*373 6. The questions of payment of corporate bills to the Director General, the deductions by the auditor, and the subsequent settlement between the plaintiff and the Railroad Administration are settled by cases of Reading Company, ante, p. 131, Southern Ry. Co., ante, p. 156, and New York, New Haven & Hartford R. R. Co., ante, p. 174.