Campbell, Chief Justice,
delivered the opinion of the court:
The railroad company transported certain property of the Government between points within the State of Arizona. The shipments were made on Government bills of lading of approved form, and upon their accomplishment the plaintiff presented the same with its bills and charges, and the amounts claimed were reduced by the disbursing or accounting officers to the basis of the rate in a tariff published by plaintiff pursuant to a law of the State of Arizona for 1912 and an order of the corporation commission of that State. The rate thus provided was 2 cents per ton of 2,000 pounds per mile on military equipment consisting of arms, camp equipage, horses, materials, and stores, and to be applied, only to shipments belonging to the “Military Department of the State of Arizona ” and moving within the State.
The deductions by the Government officers from plaintiff’s bills were upon the theory that the Government was entitled to the rate provided by this intrastate rate which, in terms, applied to property of the State. The carrier was *63 authorizect to make concessions to tbe State on intrastate shipments, and having seen fit to do so it did not thereby make the rate, so fixed, applicable to other property or a different shipper.
It has been said of section 22 of the act to regulate commerce, as amended, 25 Stat. 862, that it preserves the right of the carrier of granting in its discretion preferential treatment to particular classes in certain cases, among those classes named in the statute being the United States, State, and municipal governments, but “ it confers no right upon any shipper or traveller. Nor does it confer any new right upon the carrier.” Nashville Railway v. Tennessee, 262 U. S. 318, 323. (See note to this case (p. 321) relative to ruling of the Interstate Commerce Commission.)
The stipulation states that the plaintiff’s bills stated the charges for said transportation “ at the published tariff rates open to the public for like or similar transportation, that is to say, at what were known as the commercial rates.” The tariff has not been introduced in evidence but this stipulation covers the material question, in that it shows that the plaintiff’s bills were at the rates open to the public for like transportation. There were no rates distinctively applicable to property of the United States.
The Federal Government could have arranged with the company for a different and reduced rate if the company was so disposed. See Atchison, Topeka & Santa Fe Ry. Co. case, 256 U. S. 205, 206. It did not make any such provision or agreement, and we can only apply to its shipment a rate open to the public. This rate, according to the stipulation, was the one used by plaintiff in its bills. We conclude the plaintiff is entitled to judgment for the amount of the deductions. And it is so ordered.
Moss, Judge; Graham, Judge; Hat, Judge; and Booth, Judge, concur.