Campbell, Chief Justice,
delivered the opinion of the court:
On a former hearing in this case the,, court was of the opinion that a number of items were barred by the statute of limitations, but upon a rehearing the evidence makes clear, as to some of these items, that plaintiff is entitled to *538 recover, the service having been rendered within six years from the date of the filing of the petition. The mere date of a transportation request does not determine the date of the accrual of the cause of action. The plaintiff upon this feature is entitled to recover on account of the deductions made on requests dated July 10, 11, and 12, 1916. (Finding VII.) On account of the application of erroneous net fares made by the accounting officer the plaintiff on a number of its bills (Finding VIII) was underpaid. On another of its bills for the transportation of men after the 6th of April, 1917 (see 40 Stat. 361), from Columbus, Ohio, to points in Texas a deduction was made by the Auditor for the War Department by applying an erroneous combination of party fares. For the amount so deducted the plaintiff should recover. And calculating the net fares on a fifty per cent basis instead of on a one hundred per cent land-grant basis (see 40 Stat. 361) the application of the lowest net fares available results in an undercharge in plaintiff’s original bill, as stated in the findings. This court has held (Baltimore & Ohio Railroad Co. case, 60 C. Cls. 359, 367, Finding X) that the route by way of Chattanooga, Meridian, and Shreveport is via usually-traveled route for military traffic. Putting the 100 per cent land-grant road on a 50 per cent basis has the effect of making the route via St. Louis a more expensive route, and plaintiff seeks to recover for some of the transportation upon the basis of 50 per cent land-grant basis instead of 100 per cent land-grant. It must, therefore, take the burdens, as well as the benefits, of the act of October 6, 1917.
Moss, Judge; Graham, Judge; and Booth, Judge, concur.