Hay, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
This is a suit for the recovery of $2,854.98 alleged to be due the plaintiff by the defendants, which amount is in addition to the amount paid the plaintiff on account of items of freight transportation furnished to and paid for by the United States. All the payments were made by disbursing officers on vouchers certified to be correct and presented to them by the plaintiff. The plaintiff now seeks to recover the difference between the amounts thus claimed and paid and the amount the plaintiff would have received had payment been claimed and made at commercial rates without any deductions on account of land grant, the plaintiff asserting that the property transported was not the property of the United States, and therefore not subject to land-grant deductions, the property being the effects of Army officers. In effect, the plaintiff, after it has been paid what it claimed was due it, now asserts that it did not claim enough for the service rendered; that it ought to have claimed the above amount in addition to what it did claim; that it was misled by certain decisions of the Comptroller of the Treasury; that it made a mistake in claiming only the amount which it did claim, and that the defendants -were responsible for that .mistake, which should now be rectified by this court.
The case is clearly within the holding of this court in Baltimore & Ohio Railroad Co. v. United States, 52 C. Cls., 468, and Oregon-Washington R. R. & Navigation Co. v. *130 United States, this day decided, except as to one item of the above claim, which will be dealt with later in this opinion.
The claim that the plaintiff was misled by the decisions of' the Comptroller, and was thereby prevented from demanding what was due it, can not be entertained. Ignorance of the law is no excuse. And it is hardly conceivable that the-plaintiff, which at all times has in its employment the best legal talent, could have been misled in a matter of this sort,, or could have been ignorant of its rights in the premises,. It must have agreed with the Comptroller in his interpretation of the statutes; and certainly for many years it continued to present and certify its vouchers, claiming amounts which were paid by the defendants, and not expecting to receive any amount in addition thereto. As was said in Baltimore & Ohio Railroad Co., supra, p. 473: “Indeed, we-may well know that if there had been any protest on the part of the railroad company against this basis of settlement, or-any claim for payment at a higher rate, the transactionsvvould otherwise have presented themselves. If a quartermaster refused payment on a basis thought to be correct by the railroad company, it was always its right to file a claim' with the auditor, and upon adverse action by him, to appeal to the Comptroller of the Treasury.” To which may be added that if it was not satisfied with the action of the-Comptroller it had the right to bring its claim to this court for adjudication. It is inconceivable that the plaintiff should have been ignorant of its rights as above set out,, and the only explanation of its action is that it did not believe that it was receiving for its services anything less than, it was entitled to. But if the interpretation of the Comptroller was wrong, and the plaintiff acquiesced in that interpretation, can it now in this court make a claim for the additional amount, which it has never before claimed ? Is it not subject to the usual rule as to mistakes of law? We think it is, and as that rule is fully discussed in Baltimore & Ohio R. R. Co., supra, p. 482, it is not necessary to discuss it here.
The petition of the plaintiff must be dismissed as to all of the amount sued for except the amount of $64.31, set out in. *131 Finding XIX. This amount was disallowed by the auditor after it had been claimed, and should not have been deducted, as the property transported was not Government property, and land-grant deductions should not have been made from the amount claimed.