Campbell, Chief Justice,
delivered the opinion of the court:
The railroad company — represented here by its receiver— furnished certain passenger transportation at the request of proper officers of the Navy Department. The company’s line was not land aided and rates for transportation over the *339 same were .unaffected by the land-grant statutes, except that the company equalizes its rates with, and as a connecting carrier affords transportation over, lines so aided. It thereby becomes entitled to only such rates as land-aided roads would receive.
The transportation was furnished in June, July, August, and September of 1917, and the company rendered bills therefor to the Auditor for the Navy Department on August 6, August 31, October 13, and November 3, 1917, respectively. Each of these bills was for the correct amount due for the transportation furnished at the date the same was furnished; that is to say, land-grant deductions were made upon the bills in strict accordance with the law and the equalizing agreement as the same stood when the transportation was furnished. After the service was performed the act of October 6, 1917, 40 Stat., .361 was passed, which provided for additional compensation to certain land-grant railroads during the then existing war. The construction given that act by accounting officers, and we think it the proper construction, was that it applied to transportation furnished during the emergency as well before as after the date of its enactment. It was hence held that where a railroad company had furnished transportation during the emergency and been paid therefor at proper rates before the passage of the act of October 6, the company could make and be allowed a supplemental claim based on the provisions of that act. It was further held, however, that where a claim was presented after the act was passed and went to voucher and payment, a supplemental claim under the act of October 6,1917, could not be entertained. The ruling was based upon the ground that the accounting officers had lost jurisdiction of the claim after its allowance and the acceptance of payment.
It will be noted that two of the bills were presented to the auditors in August preceding the date of the act of October 6. They were for the correct amounts then due, and they were also for the correct amounts due according to the law when the transportation was furnished. If they had been paid prior to October 6 a supplemental claim under the act *340 of that date would have been allowed by the accounting officers.
The other two bills were presented a very short time after the passage of the act, though the service involved was performed prior to the date of the act. These bills as presented were for the correct amounts due when the indebtedness accrued, and they took no notice of the late act, which authorized a larger compensation. The bills were not audited and paid until May, 1918. The company accepted payment of the bills as rendered and allowed and, until after such payments, made ho claim under the act 6f October 6. Thereafter it presented supplemental claims, which the accounting officers would not consider because, as stated, they had lost jurisdiction.
We treat the case as seeking to recover the additional compensation provided for in the act mentioned. The bills rendered, allowed, and collected were each for the correct amount due when the transportation was furnished and the indebtedness accrued. Thereafter the act in question allowed further compensation for service performed during the war. To recover that amount for a service performed prior to the enactment of the statute the action is properly maintainable in this court. Nor does this ruling in any wise contravene the principles decided in the B. &. O. R. R. Co. case, 52 C. Cls., 468; Denver & Rio Grande R. R. Co. case, 54 C. Cls., 125; Oregon-Washington Railroad & Navigation Co. case, 54 C. Cls., 131; Western Pacific R. R. Co. case, 54 C. Cls., 215. This case is controlled by its own peculiar facts.' In none of the cases mentioned was there any effort to sue upon an additional right granted by statute after the accrual of the plaintiff’s right of action for services performed. Other differences between this and the cases cited readily appear from the facts. We do not qualify but adhere to the line of cases cited above.
Judgment will be rendered for plaintiff in the sum of $783.01.
Graham, Judge; Hat, Judge, and Booth, Judge, concur.