CaMpbell, Chief Justice,
delivered the opinion of the court:
The only defense attempted to be interposed in this case is the statute of limitations of three years contained in the transportation act of February 28.1920, 41 Stat. 492. Unless that limitation applies the plaintiff is clearly entitled to a judgment. We have indicated, in former opinions that the statute does apply to suits by carriers against the Govern *322 ment, but it has not been necessary in these former cases to apply the statute. Expressions in some of these cases may be responsible for the contention here made that the plaintiff’s cause of action accrued more than three years before suit was brought. But the rule is well settled, and is stated in Sohn v. Waterson, 17 Wall. 596. The statute of limitations prescribed by the transportation act of 1920 applies to actions brought against the Government by a carrier to recover its charges, but it does not defeat causes of action which arose before its passage if suit be brought within three years after the passage of the act and within six years from the accrual of tire right of action. In other words, the general statute of limitations of six years applicable to suits in the Court of Claims, being jurisdictional, applies to all actions unless waived by statutory enactment relative to •the particular case, and the limitation of three years prescribed by the transportation act may apply as above stated. But when suit is brought on a cause of action arising before the late statute, and this statute is alone relied upon, the limitation it prescribes begins to run from the date of the enactment of the statute. Sohn v. Waterson, supra. The plaintiff is entitled to a judgment in the sum of $21,946.69. And it is so ordered.
Graham, -Judge; Hay, Judge; DowNey, Judge; and Booth, Judge, concur.