Cambbelu, Chief Justice,
delivered the- opinion of the court:
The facts show that plaintiff, having rendered certain transportation service, presented its bills therefor and was paid by a disbursing- officer. Afterwards the disbursing officer’s accounts were checked by the auditor, who held that the disbursing officer had paid more than he should have paid, and consequently his accounts were disallowed to that extent. The amount of these overpayments was deducted from other proper bills of plaintiff. The services for which the first bills were presented occurred in 1916, more than six years before the present action was brought, and' the deduction from subsequent bills were made in 1917 or after-wards. The facts do not show definitely the dates of these subsequent deductions, but do show that the service for which the subsequent bills were rendered were as late as August, 1917, At any rate, the deductions were made within six years prior to the beginning of this suit. Plainly the plaintiff’s cause of action did not arise until deductions were made from its subsequent bills. Its prior bills had been paid in full. Properly speaking, its right of action is upon or because of these deductions, and this is not barred by the statute of six years, the suit having been duly instituted within that time. We have lately had occasion to point out *328 tliat the statute of limitations prescribed by the transportation act, 41 Stat. 492, does not begin to run against claims which arose before its enactment until the date of the passage of the act. See Sohn v. Waterson, 17 Wall. 596; Schaff, Receiver of M., K. & T. Ry. Co. of Texas, decided this day, ante, p. 318. We think the deductions were not upon the piKvper basis. See Atchison, Topeka & Santa Fe R. R. Co., 256 U. S. 205; International & Great Northern Ry., 56 C. Cls. 336. The plaintiff is entitled to judgment in the sum of $7,663.56, and it is so ordered.
Graham, Judge; Hay, Judge; DowNey, Judge; and Booth, Judge, concur.