Campbell, Chief Justice,
delivered the opinion of the court:
The Government concedes liability in this case except for the statute of limitations. The service was rendered by the plaintiff in June, 1917, and suit was instituted in this court December 13, 1922. This is well within the six-year statute of limitation. The defendant, however, contends that the suit is barred by the limitation prescribed in section 16 of the Interstate Commerce act, 41 Stat. 492, as amended June 7, 1924. Suit was brought within three years from the date of the act of February 28, 1920. This court has held that the operation of this latter statute was prospective. The suit was brought within six years from the time the cause of action accrued, and therefore the statute of limitations of *583 six years is out of the case. Relative to the limitation prescribed by the transportation act above mentioned this court said that when suit is brought on a cause of action arising before this statute, and it alone is relied upon, the limitation it prescribes begins to run from the date of enactment of the statute. See Schaff, Receiver of the Missouri, Kansas & Texas Ry. Co., 59 C. Cls. 318. See also Lancaster and Wallace, Receivers of the Texas and Pacific Ry. Go., ante, p. 80. The court adheres to this ruling. Suit having been brought within three yéars from the passage of the transportation act is not barred by the limitation which that enactment prescribes. The plaintiff is therefore entitled to judgment. And it is so ordered. .
Graham, Judge; Hat, Judge; DowNey, Judge; and Booth, Judge, concur.