UNITED STATES *v.* ST. LOUIS, SAN FRANCISCO & TEXAS RAILWAY COMPANY.

UNITED STATES *v.* WABASH RAILWAY COMPANY.

### APPEALS FROM THE COURT OF CLAIMS.

Nos. 91 and 92. Argued November 16, 1925.—Decided January 18, 1926.

1. Transportation Act, 1920, amending par. 3, § 16, of the Interstate Commerce Act, provides: "All actions at law by carriers subject to this Act for recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrues and not after." *Held* not applicable retroactively to causes of action existing at the date of the Transportation Act. P. 3.

2. The Act of June 7, 1924, which further amended par. 3, § 16, of the Interstate Commerce Act, among other things by adding that its provisions "shall extend to and embrace cases in which the cause of action has heretofore accrued as well as cases in which the cause of action may hereafter accrue," was not intended to defeat claims on which suits duly brought were then pending, or in which judgment had already been entered. *Id.*

59 Ct. Cls. 322, affirmed.

APPEALS from judgments recovered in the Court of Claims by two railroads for transportation service rendered to the Government.

*Mr. Blackburn Esterline,* Assistant to the Solicitor General, with whom *Solicitor General Mitchell* was on the briefs, for the United States.

*Mr. Lawrence H. Cake,* with whom *Mr. Alex. Britton* was on the brief, for appellee in No. 91.

*Mr. F. Carter Pope,* for appellee in No. 92.

*Messrs. William R. Harr* and *Charles H. Bates* filed a brief as *amici curiœ,* by special leave of Court.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

These cases, which were argued together, present on similar facts the same question of law. In each the railroad had, prior to federal control, rendered to the War Department transportation service, payment for which was disallowed by the Auditor. Each company commenced suit therefor in the Court of Claims more than three years but within six years from the time when the cause of action accrued, and after the lapse of three years from the enactment of Transportation Act, 1920, February 28, 1920, c. 91, 41 Stat. 456. That Act, amending paragraph 3 of § 16 of the Interstate Commerce Act, provides:
"All actions at law by carriers subject to this Act for recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrues and not after."
The Government defended these suits solely on the ground that the right to sue had been lost by lapse of time. It contended that the three-year limitation ap-

plies to claims against the Government prosecuted in the Court of Claims, as well as to actions brought against other shippers in other courts; that it applies to claims which arose prior to the passage of the 1920 Act; that the three-year period began at the date when the cause of action accrued, provided there remained, at the passage of the Act, a reasonable time before the expiration of the three years within which suit could have been brought; and that, in any event, suit on such claims is barred where, as in the cases at bar, the suit is commenced more than three years after the passage of the 1920 Act. In each of these cases judgment was entered for the plaintiff. *Wabash Ry. Co.* v. *United States,* 59 Ct. Cl. 322; see also *Schaff, Receiver,* v. *United States,* 59 Ct. Cl. 318. An appeal to this Court, under §§ 242 and 243 of the Judicial Code, was taken in each case before June 7, 1924.

That a statute shall not be given retroactive effect unless such construction is required by explicit language or by necessary implication is a rule of general application. It has been applied by this Court to statutes governing procedure, *United States Fidelity and Guaranty Co.* v. *United States,* 209 U. S. 306; and specifically to the limitation of actions under another section of Transportation Act, 1920. *Fullerton-Krueger Lumber Co.* v. *Northern Pacific Ry. Co.,* 266 U. S. 435. There is nothing in the language of paragraph 3 of § 16, or in any other provision of the Act, or in its history, which requires us to hold that the three-year limitation applies, under any circumstances, to causes of action existing at the date of the Act.

The Government contends that, even if the suits were not barred by Transportation Act, 1920, they were barred by the Act of June 7, 1924, c. 235, 43 Stat. 633, which amended paragraph 3, among other things, by making the following addition thereto:

"(h) The provisions of this paragraph (3) shall extend to and embrace cases in which the cause of action has heretofore accrued as well as cases in which the cause of action may hereafter accrue.  .  .  ."

The Senate and House Reports accompanying the bill (S. 2704) state that the purpose of the amendment was to revive claims barred under the existing law as interpreted in *Kansas City Ry. Co.* v. *Wolf,* 261 U. S. 133. It is not to be assumed that Congress intended by that amendment to defeat claims on which suits duly brought were then pending, or on which, as in the cases at bar, judgment had already been entered below. Compare *Herrick* v. *Boquillas Land & Cattle Co.,* 200 U. S. 96.

As we hold that paragraph 3 does not apply to any cause of action existing at the date of the passage of Transportation Act, 1920, we have no occasion to consider whether, under any circumstances, it is applicable to claims against the Government brought in the Court of Claims pursuant to § 145, Judicial Code. See *Western Pacific R. R. Co.* v. *United States,* 59 Ct. Cl. 67, 81.

*Affirmed.*