Campbell, Chief Justice,
delivered the opinion of the court :
The first question for determination is whether plaintiff can maintain the action. It was an intermediate carrier, and the railroad company, upon whose line the shipments originated — the initial carrier — has been paid and has in turn paid the connecting or intermediate carriers. The *659 initial carrier’s bill was subjected to land-grant deduction on the basis of 100 per cent land grant so far as plaintiff’s mileage is concerned, the service having been rendered prior to the act of October 6, 1917, 40 Stat. 361, but during the war emergency.
The plaintiff received a proportion of the initial carrier’s entire bill and the record does not disclose the basis of settlement between the initial and its connecting carriers. We must therefore assume for the purposes of this case that the plaintiff was paid and accepted all that was due it on the movements of soldiers mentioned in this case at the time of settlement unless the act of October 6, enacted subsequent to the service in question, gives plaintiff the right to sue for an additional sum. This act provides that land-grant railroads organized under the act of July 28, 1866, shall receive the same compensation for transportation during the war emergency as was payable to land-grant roads organized under the acts of March 3,1863, and July 27,1866. In other words, the 100 per cent land-grant roads were put on the same plane as the 50 per cent land-grant roads during the period of the war.
It has been held by this court that a railroad company— in that case the initial carrier — could sue for and recover the difference between the 100 per cent deduction it had been subjected to and the 50 per cent deduction it was liable for under the act of October 6, notwithstanding the fact that it had been paid the amount of its bill based on the larger deduction. See Baker, Receiver of International & Great Northern Ry. Co., case, 56 C. Cls. 336; St. Louis, Brownsville & Mexico Ry. Co. case, 58 C. Cls. 619. We can not see any substantial reason why the mere fact that the plaintiff here is a connecting or intermediate carrier should be sufficient to deprive it of the compensation the statute authorizes, and since the initial carrier declines to assert the right for it, we think the plaintiff may properly sue to recover the additional compensation authorized by the act.
The next question is what should be the basis of the recovery. The plaintiff, as already said, has been paid and *660 has accepted its proportion of the initial carrier’s entire bill. We can not say in such case that the amount so paid and accepted is more or less than was properly payable by the initial carrier. We can not be expected to settle the differences, if any, between these parties. The best we can do is to accept the payment to plaintiff as conclusive and determine how much more it should receive if the bills be treated as subject only to a 50 per cent land-grant deduction.
We will accordingly give judgment on this basis. And it is so ordered.
Moss, Judge; Graham, Judge; Hat, Judge; and Booth, Judge, concur.