## HARRIS v. UNITED STATES.

### No. 893.

District Court, D. Idaho, E. D.

Dec. 4, 1933.

Merrill & Merrill, of Pocatello, Idaho, and Hawley & Worthwine, of Boise, Idaho, for plaintiff.

J. A. Carver, U. S. Dist. Atty., for the District of Idaho, and E. H. Casterlin, Asst. U. S. Dist. Atty., and R. L. Slaughter, Atty. of the Department of Justice, all of Boise, Idaho, for the United States.

CAVANAH, District Judge.

The plaintiff, as guardian of Thomas G. Harris, an insane person, brings this action on a yearly renewable war risk term insurance policy in the sum of $10,000 for total and permanent disability benefits.

The complaint was filed June 23, 1933, and alleges, among other things, that the disability of Thomas G. Harris is manic depressive psychosis and insanity, and general weakness and nervousness, incurred during the time of his military service, and that he has been insane at all times since his discharge from the Army, and while the policy was in force.

The government has demurred to the complaint challenging the jurisdiction of the court on the grounds (a) that Congress has by section 17 of the Act of March 20, 1933 (38 USCA §§ 717, 718), repealed all laws granting or pertaining to yearly renewable insurance and denied the right to sue the United States thereafter on such insurance policies; (b) that the action was not instituted on or before July 3, 1931, as provided by section 445, title 38 USCA; and (c) that no disagreement exists as required by the World War Veterans' Act as amended July 3, 1930 (38 USCA § 445), which is necessary to confer jurisdiction on the court.

The plaintiff asserts that, as all laws granting or pertaining to yearly renewable term insurance have been repealed, the suit is brought under the Tucker Act, 28 USCA § 41, subd. (20), which grants to the District Courts of the United States original jurisdiction of all claims "upon any contract, express or implied, with the Government of the United States," and that "claims of * * * idiots, lunatics, insane persons * * * entitled to the claim, shall not be barred if the suit be brought within three years after the disability has ceased."

The repealing act being section 17 of the

Act of March 20, 1933 (38 USCA § 717), in so far as relevant is: "All laws granting or pertaining to yearly renewable term insurance are hereby repealed." We have then the straight question as to whether the right to sue the United States upon the insurance policy here is granted under the Tucker Act, or whether such right was restricted to the War Risk Insurance Act under which the policy was authorized to be issued and which was repealed prior to the institution of the present action.

The Tucker Act having given the right to sue the United States "upon any contract, express or implied, with the Government of the United States," we are, therefore, confronted with the question of whether it applies to the right to sue on those claims of insurance contracts which were authorized to be issued and suit brought thereon under the War Risk Insurance Act where the right to sue is not barred by the six-year statute of limitations contained in the Tucker Act (28 USCA § 41 subd. (20), and the Acts of May 29, 1928 and July 3, 1930, amendatory to the World War Veterans' Act (38 USCA § 445). Recognizing the settled principle that federal courts have no jurisdiction except that conferred by the Federal Constitution or federal statutes and that the United States can only be sued with its consent and under the conditions imposed by Congress, we find that Congress has on several occasions extended the time within which suit may be brought on these insurance contracts, and on May 29, 1928, and July 3, 1930, permitted suit to be brought against the United States on such contracts if done so within six years after the right accrued for which the claim is made or within one year after July 3, 1930, and that insane persons or persons under other legal disabilities, or persons rated as incompetent shall have three years in which to bring suit after the removal of their disabilities. Consent to sue the United States then having been authorized by Congress and the period of limitation within which suit may be brought being prescribed, and exempting therefrom insane persons whose disability had not been removed, it is obvious that an insane person, through his guardian, may bring suit upon a policy at any time after the right has accrued and while he remains insane. The United States undoubtedly may legislate to change a remedy or announce a policy or prescribe a limitation of time within which suit may be brought against it, and, when it does so, by Congress saying that suit may be brought, and that insane persons are not precluded from suing while they are in-

sane, its consent is clear. The complaint discloses that the insured, Harris, became insane during the life of the policy and ever since has been so insane. His policy was, therefore, in force at the time of the adoption of the repealing Act of March 20, 1933, and an action not being barred by the statute of limitations appearing in the acts referred to and in the Tucker Act the obligation of the United States to pay a fixed amount under the policy could not be destroyed by subsequent legislation without a violation of the insured's constitutional rights and the impairment of contract. The effect of the repealing act was to deprive the insured of a remedy to enforce a fixed liability of the United States to make payment of the amount of the policy and to destroy and deprive him of a right which had vested before the repealing act, and one which in every sense is a property right. Such a right was fixed by the law in force when he became totally and permanently disabled. The plain requirements of the act under which the policy was issued is that the United States will pay to the insured upon him becoming totally and permanently disabled during the life of the policy, the amount provided for in the policy. There is a vested right in an accrued cause of action springing from a contract. 2 Lewis Southerland Statutory Construction, § 671.

This principle is announced in the case of Ettor v. Tacoma, 228 U. S. 148, 155, 33 S. Ct. 428, 57 L. Ed. 773, where it is held that the obligation to make compensation could not be destroyed by subsequent legislation nor are matters belonging to a remedy subject to change or repeal where they operate to impair a contract or deprive one of a vested property right. The principle has been applied in reference to rights accrued under a variety of statutes when affected by subsequent change of the law and the cases draw a distinction between the announcement of a policy or for tort, or prescribing a statute of limitation and constituting the impairment of a contract involving vested property rights. So when Congress passed the repealing Act of March 20, 1933, it, no doubt, was authorized to deny the right from then on to sue the United States upon war risk insurance policies issued under the War Risk Insurance Act where the policies were not kept in force by the payment of the stipulated premiums thereon or the period of the statute of limitations has run, but those policies on which the premiums are being paid and the actions thereon are pending and those where the right has accrued and are not barred by the statute of limitation, Congress would not have au-

thority to deny a right of action thereon under the principle thus stated, as the cause of action existed at the time of the passage of the repealing act. Compare United States v. Wabash Railway Co., 270 U. S. 1, 46 S. Ct. 182, 70 L. Ed. 435; United States Fidelity & Guaranty Co. v. United States, for the use and benefit of Struthers Wells Company, 209 U. S. 306, 28 S. Ct. 537, 52 L. Ed. 804.

The attempt of Congress when enacting the repealing Act of March 20, 1933, seems clearly to apply to mentally competent veterans residing within the United States who had not filed actions on their war risk insurance policies and are not to have further time within which to sue for the reason they are barred under the limitation statute which Congress had the right to prescribe.

Reliance is placed upon Grubb v. United States from the United States District Court of Tennessee,[1] Lynch v. United States (Fifth Circuit Court of Appeals) 67 F. (2d) 490, and Mara v. United States (D. C.) 54 F. (2d) 397, but those cases did not deal with the question we have here as to whether subsequent legislation can deny one the right to sue upon an express contract that is not barred by the statute of limitations and on which the claim is made that there is due and owing from the United States certain amounts and the right has accrued. They are not pertinent here because in the Grubb Case it was held that as a cause of action was barred by the statute of limitations the court had no jurisdiction under any statute to try the issues of fact presented by the petition and that Congress had the right to not extend the period of time within which to sue, and any withdrawals of that right or shortening of the statutory period of limitation do not encroach upon the period that was available to the insured at the time of entering into the contract or tend to impair the obligation of a contract. In the Lynch Case where the suit was instituted in April, 1933, after the repealing Act of March 20, 1933, was passed, and when the statute of limitations had run against it and no right existed to sue upon the contract, the court applied under such circumstances the rule that the United States may not be sued without its consent. In the Mara Case the court said that the claim of the veteran was undetermined in the Veterans' Bureau and jurisdiction of the court did not

[1] Oral opinion.

exist until after a disagreement, and, therefore, the Tucker Act did not confer jurisdiction on the court for at the time suit was instituted the act under which the policy was issued was not then repealed.

■ The policy of insurance in the present case is a contract in which the insured has a vested right and the Act of March 20, 1933, impairs the obligation of that contract and deprives him of property without due process of law in violation of the Fifth Amendment and is, therefore, invalid when applied to the facts alleged in the complaint.

■ Viewing then the right of the plaintiff to maintain the present action under the War Risk Insurance Act, there remains to be considered the question of jurisdiction, which in this class of cases the court can only acquire after a disagreement has occurred between the insured and the Veterans' Bureau as required by the Act of June 7, 1924, 43 Stat. 612, as amended by the Act of March 4, 1925, 43 Stat. 1302, 38 USCA § 445, and as amended by the Act of July 3, 1930, 46 Stat. 992, 38 USCA § 445. The Act of March 4, 1925, authorizes suit against the United States "in the event of disagreement as to claim under a contract of insurance between the bureau and any person or persons claiming thereunder." By the Act of July 3, 1930 (38 USCA § 445), Congress still required that such disagreement as to the claim must exist before suit is brought and defines the term "disagreement" to "mean a denial of the claim by the director or some one acting in his name on an appeal to the director." As a condition precedent to maintaining suit against the United States, proof of disagreement in respect to the claim between the claimant and the bureau must be alleged in the complaint and made, and "jurisdiction to entertain suits upon war risk insurance policies arises only in cases of disagreement between the insured and the Veterans' Bureau in respect to the claim." Straw v. United States, 62 F. (2d) 757, 758 (C. C. A. 9th Cir.); Falbo v. United States, 64 F. (2d) 948 (C. C. A. 9th Cir.); United States v. Peters, 62 F. (2d) 977 (C. C. A. 8th Cir.); United States v. Kerr, 61 F. (2d) 800 (C. C. A. 9th Cir.); Kelley v. United States, 59 F. (2d) 743 (D. C.).

As the complaint does not allege the jurisdictional fact of disagreement, the demurrer will be sustained.