**UNITED STATES v. GIANOULIS et al.**
**Civ. A. No. 1218.**

United States District Court
D. Delaware.

Aug. 4, 1949.

Nathan P. Michlin, Resident Attorney, Office of Housing Expediter, Wilmington, Del., Cyril F. Pessolano, Chief, Rent Liti-

gation Section, and Albert Osofsky, Litigation Attorney, Upper Darby, Pa., for plaintiff.

Joseph Donald Craven, of Wilmington, Del., for defendants.

RODNEY, District Judge.

Comprehensive Findings of Fact and Conclusions of Law have been separately filed in this matter showing that defendants wilfully violated the applicable rent control laws and regulations in connection with an apartment rented by them to Thomas Connelly. The violation consisted of, inter alia, rent overcharges for each of the months from November 1948 to April 1949, both inclusive. This memorandum is concerned only with the right or power of the United States to sue for and recover three times the ·amount of any overcharge which occurred prior to April 1, 1949.

The question of the authority of the United States so to sue or recover arises from the provisions of the Housing and Rent Act of 1949 [1] amending the Housing and Rent Acts of 1947 and 1948. [2]

Under the provisions of the Housing and Rent Acts of 1947 and 1948, which were in effect from July 1, 1947 until and including March 31, 1949, only tenants could sue for three times the amount of the rent overcharges, and such suits had to be brought within one year after the date of the overcharge. [3] The said Acts gave no right or power to the Housing Expediter or any other public authority to bring and maintain treble damage suits, although the Housing Expediter could sue for restitution to the tenant and for injunctive relief. [4] See Woods v. Trbusek, D.C.S.D.N.Y. 1949, 83 F.Supp. 175, 177.

The Housing and Rent Act of 1949, which became effective on April 1, 1949,

amended the previous two said Acts by providing, inter alia, that if the tenant does not sue for treble damages within 30 days from the date of the violation, then the United States may bring such suit within the one-year period. [5] The right of the United States to sue for restitution is also retained in the 1949 Act.

This suit was instituted by the United States on May 16, 1949 for alleged overcharges which the court has now found did in fact occur during the months of November 1948 to April 1949, both inclusive. Consequently, the violations in the instant case all occurred within one year prior to the institution of the suit, although only one overcharge (that for April 1949) occurred after the effective date of the Housing and Rent Act of 1949. The specific question presented here, therefore, is whether the United States can recover three times the amount of the overcharges occurring from November 1, 1948 and up to, but not including, April 1, 1949, or whether the United States is limited to recovery of three times the amount of the overcharge occurring in April 1949 and to only restitution for the period prior to April 1949. Defendants admit that the tenant instituted no suit under the said Acts within 30 days from any of the violations. [6]

The plaintiff supports its right and authority to recover treble damages for the period prior to April 1, 1949 with (1) the legislative history of the Housing and Rent Act of 1949 and (2) judicial construction of analogous legislation.

Plaintiff urges that the legislative history of the 1949 Act shows that Congress intended that portion of the Act under consideration to be retrospective in effect. While legislative intent as such may be difficult to ascertain, it is, of course, proper to refer to and consider the legis-

---

1. Public Law 31, March 30, 1949, 63 Stat. 18.

2. 50 U.S.C.A. War, Appendix § 1881 et seq.

3. Sec. 205 of said Acts, 50 U.S.C.A. War, Appendix, § 1895.

4. Sec. 206(b) of said Acts, 50 U.S.C.A. War, Appendix, § 1896(b).

5. Sec. 204 of Housing and Rent Act of 1949, Public Law 31, March 30, 1949, 50 U.S.C.A.Appendix, § 1895.

6. It is understood, of course, that this whole discussion is predicated upon the court's finding that the defendants have failed to prove a lack of wilfulness or that they took practicable precautions.

lative history of the Act in order to obtain some aid in construing the Act. See e. g., Woods v. Cloyd W. Miller Co., 1948, 333 U.S. 138, 144, 68 S.Ct. 421, 92 L.Ed. 596.

The primary consideration, of course, is the meaning of the words used by Congress in the enactment. Legislative history may be helpful in this respect insofar as it shows the aim of the legislation, the mischief which the Act seeks to obviate, the inadequacy which the Act is supposed to supply. See "Some Reflections on the Reading of Statutes," by Mr. Justice Felix Frankfurter, Vol. 2 The Record of the Association of the Bar of the City of New York (June 1947) pp. 213–237.

But the use to which legislative history should be put is unimportant in the instant case, since no legislative history on the question here presented has been found. The instances cited in plaintiff's brief do no more than point out that Congress was putting a one-year statute of limitations on treble damage suits brought by the Government. No question of the retrospective nature of the Act for the period prior to April 1, 1949 was apparently thought of or discussed.

The history of rent control legislation as a whole, however, is helpful in ascertaining what the words of the present Act must mean.

The Emergency Price Control Act of 1942 was originally passed on January 30, 1942, 50 U.S.C.A.:Appendix, § 901 et seq. Under this Act as originally passed only the tenant could sue for treble damages resulting from rent overcharges.

On June 30, 1944, the Emergency Price Control Act of 1942 was amended to provide, inter alia, that the Price Administrator could sue for treble damages within one year after a violation when such suit had not been brought by the tenant within 30 days after the violation. The law remained in this state until and including June 30, 1947, when the Emergency Price Control Act of 1942 expired.

On July 1, 1947, the Housing and Rent Act of 1947 became effective. It provided, inter alia, for treble damage suits to be brought by tenants and gave them one year in which to sue. No right or power so to sue for treble damages was conferred by such Act upon the Housing Expediter or any other public authority. In other words, Congress gave to tenants alone the right to recover treble damages and gave to them a period of one year after a violation in which to sue for such violation. This provision was unchanged in the 1948 Act.

Senate Report No. 127, leading to the enactment of the Housing and Rent Act of 1949, stated that the provision giving tenants the right to sue for treble damages had not proven effective and that consequently the new Act provided for such suit by the United States when the tenant fails to institute such suit within 30 days.

On April 1, 1949, the Housing and Rent Act of 1949 became effective and contained a provision for suit by the United States as indicated. Plaintiff would have us hold that by this Act Congress, while having denied to the Government or any public authority the right to sue for treble damages in the Acts of 1947 or 1948, yet now by the Act of 1949 conferred such power nunc pro tunc as of April 1, 1948. This seems too much to imply when there is no indication in the Act itself that it shall have any retrospective effect.

The Act of 1949 provides that if suit by the United States is instituted, the tenant is thereafter barred from pursuing his remedy for treble damages.

In the instant case, for example, the tenant Thomas Connelly had a right under the Act of 1948 to sue for treble damages for the overcharges commencing November 1, 1948 and such right could be exercised by the tenant up to November 1, 1949. On April 1, 1949 Congress said that if the tenant does not exercise his right so to sue within 30 days, then the United States may exercise such right in its own behalf. With respect to those overcharges up to and including March 1, 1949, the adoption of the plaintiff's view would require me to say that the tenant's 30 days had expired on April 1, 1949 and that the United States could immediately bring suit for treble damages. But what has become of the

tenant's statutory right to sue? As of December 1948 he had a statutory right to sue for the overcharge in November 1948 and so for each following month. Not only did the tenant have such right to sue, but it was a right exclusively vested in him. The only limitation on this right of the tenant to sue was that such right must be exercised within one year. This right to sue for the November 1948 overcharge has not yet expired unless, indeed, it has been wiped out by the retrospective operation of the Act of March 30, 1949. So as to each monthly overcharge, each of which constituted a distinct and separate right of the tenant. If plaintiff is correct in that this provision operates retrospectively, then Congress has given specific rights to the tenants to be exercised at any time within a year and then by this retrospective law has taken this right to sue for treble damages away from the tenant before it has expired and vested it in the United States. This view will not be readily adopted when we consider the difference in the nature of the two procedures. The recovery by the tenant is for his benefit and is in the nature of damages. The tenant has no interest in the recovery by the United States. Such recovery is not in the nature of damages but in the nature of a penalty, as we shall subsequently see.

It is not unreasonable to assume that a tenant would wait until his one-year period had almost expired before he would institute suit. This, of course, would obviate monthly suits and would also increase greatly the amount of his recovery.

Accepting the plaintiff's contention would mean that in the instant case the tenant has been deprived of a valuable right which he had every reason to believe would continue unmolested until up to November 1, 1949, viz., the right to sue for and recover three times the amount of the monthly rent overcharges for November 1948 to March 1949, inclusive. I cannot hold that such deprivation of rights results from an Act of Congress except upon the clearest manifestation in the Act that such result was contemplated.

The foregoing history of rent control enactments indicates to me that the Housing and Rent Act of 1949 must apply only prospectively and not retrospectively. Indeed, I would reach such a conclusion from a construction of the langauge of the 1949 Act itself, without resort to prior enactments.

The 1949 Act provides, in section 305, 50 U.S.C.A.Appendix, § 1910, that it shall become effective on the first day of the first calendar month following the month in which it is enacted. Being enacted in March 1949, it therefore became effective on April 1, 1949.

Nothing in the said section or in any other section of the Act refers to the possible retrospective nature of the Act. Any retrospective operation would have to be supplied by implication.

"The presumption is very strong that a statute was not meant to act retrospectively, and it ought never to receive such a construction if it is susceptible of any other. It ought not to receive such a construction unless the words used are so clear, strong, and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied (citing cases)." U. S. Fidelity v. U. S. for Use and Benefit of Struthers Wells Co., 209 U.S. 306, 314, 28 S.Ct. 537, 539, 52 L.Ed. 804 (involving a statute governing procedure); see also United States v. St. Louis, San Fran. & Texas Ry. Co., 270 U.S. 1, 3, 46 S.Ct. 182, 70 L.Ed. 435; Commander-Larabee Milling Co. v. Manufacturers & Traders Trust Co., D.C.W.D.N.Y. 1945, 61 F.Supp. 341, 342–343; cf Cochran v. St. Paul & Tacoma Lumber Co., D.C.W.D.Wash. 1947, 73 F. Supp. 288, 289, 292.

A suit for treble damages by a governmental authority or by the Government itself is a suit for a "penalty" and is to be distinguished from such a suit filed by a tenant. Compare Porter v. Montgomery, 3 Cir., 1947, 163 F.2d 211, with Fields v. Washington, 3 Cir., 1949, 173 F.2d 701.

While the suit by the public or a public authority is not penal in the sense that it is criminal, yet it does involve the assessment of a "penalty" as distinguished from "damages" against the defendant. Conse-

quently, while the rule that penal statutes must be strictly construed may not be precisely applicable here, such rule should be given some weight in construing the right of the Government to recover a penalty against a person based upon acts which occurred at a time when the Government had no such right.

There appears to be no valid reason to construe the Housing and Rent Act of 1949 as being retrospective, at least insofar as concerns the right of the United States to recover treble damages, and in accordance with the foregoing principles I hold that it is not retrospective.

■ The language of the 1949 Act must mean that from its effective date, viz., from April 1, 1949, a tenant may sue for and recover three times the amount of any rent overcharge occurring on or after such date, but that if he does not so sue within 30 days after such overcharge then the United States may bring such suit and the tenant will thereafter be barred from bringing his suit. In either case, of course, suit must be brought within one year after such overcharge.

Plaintiff's second argument in support of its view is that the 1949 Act merely creates a new remedy for a wrong which was just as much a wrong prior to the Act and that being remedial, the retrospective operation of the Act does not violate the due process clause of the Federal Constitution, Fifth Amendment. Numerous cases construing the retrospective effect of analogous legislation have been cited and quoted in plaintiff's brief, but none seem to be in point.

■ The retrospective nature of an act in and of itself is, of course, not necessarily destructive to a legislative enactment. Beneficial Industrial Loan Corp. v. Smith, 1949, 69 S.Ct. 1221, Porter v. Senderowitz, 3 Cir., 1946, 158 F.2d 435, 400, certiorari denied, 330 U.S. 848, 67 S.Ct. 1091, 91 L. Ed. 603.

The difficulty with the plaintiff's second position, however, is that it is premised upon a finding that the statute does have a retrospective effect. Plaintiff says that the retrospective operation of the statute is not unconstitutional. Such question is not before the court at this time for the reason that no retrospective operation has been found. The statute states nothing about its restrospective operation and no such operation can be implied from related legislation or from any legislative history of the 1949 Act itself. And the possible unconstitutionality of the Act if it be applied retrospectively has not entered into the consideration of whether or not it is retrospective.

Most of the cases relied upon by plaintiff involved statutes which by their express terms were made applicable to or operative upon matters or events which occurred prior to their respective effective dates. No such language appears in the Act involved in the instant case. The Act involved here continues the right of the tenant to sue for treble damages for violations and adds the new right of the United States so to sue upon the stated conditions, but these provisions did not become effective until April 1, 1949. There is no language in the Act or its history to justify a holding that once the right of the United States becomes effective it immediately reverts back and becomes effective for a period of at least one year prior to its stated effective date. None of the cases cited by plaintiff appear to be in aid of plaintiff's position unless it can be said that the Act is to be operative retrospectively. That I cannot say.[7]

The right of the United States to recover three times the amount of a rent overcharge under the Housing and Rent Act of 1949 should be confined to overcharges occurring on or after April 1, 1949.

I am not unaware of the fact that the Housing and Rent Act of 1949 has recently

---

**7.** Even accepting plaintiff's view that merely a new remedy, i.e., a new right of action, was created by the 1949 Act, and that it is retrospective, at least one of the cases cited by plaintiff would raise grave doubts about its constitutionality. In Paramino Lumber Co. v. Marshall, 309 U.S. 370, 378, 60 S.Ct. 600, 602, 84 L.Ed. 814, the court held retrospective legislation constitutional for the reason, among others, that it did not "create a new right of action or * * * new obligations where none existed before."

been held to be unconstitutional in its entirety.[8] Pending final determination of the question, I have no desire to enforce a judgment for a penalty which may be invalid. The order to be submitted may contain a provision for stay of execution until the further order of this court. In this way the judgment may be protected and, in the meantime, if desirable, the limitation of the plaintiff's recovery, as herein determined, may be finally adjudicated.

An appropriate order may be submitted.

See History of Rent Control Laws as to Damages by Judge Rodney, 9 F.R.D.

8.  Woods v. Shoreline Cooperative Apartments, Inc., D.C.N.D.Ill.1949, 84 F.Supp. 660.