DOUGLASS R. HOFFER, Plaintiff, *v.* MAYER HOFSTEIN, Defendant.

County Court, Westchester County, January 15, 1951.

*Samuel J. Kalmanson* for defendant.
*David Margolis* for plaintiff.

BRENNAN, J. This action, commenced in May of 1950, was brought pursuant to section 205 of the Federal Housing and Rent Act of 1949 (U. S. Code, tit. 50, Appendix, § 1895) to recover treble damages by reason of alleged overcharges of rent paid to and received by the defendant landlord between June 1, 1949, and May 15, 1950, on certain premises in the city of New Rochelle, N. Y. There are two motions pending herein. The defendant asks leave to serve a second amended answer and the plaintiff seeks to modify the defendant's notice requiring the plaintiff to appear for and submit to an examination before trial on certain allegations set forth in the first counterclaim contained in the defendant's answer.

Turning first to the defendant's motion for leave to serve a second amended answer, it appears that the proposed answer is identical with the present answer except that the proposed pleading contains a separate affirmative defense to the effect that '' an action to recover for an overcharge in rent must be brought within 30 days from the date of the violation ''. There is a well-established requirement that where a party seeks permission to amend an answer for the purpose of including a defense of which he had knowledge at the time the existing answer was interposed, then the movant must show such facts as will satisfactorily excuse his failure or neglect to include this defense in the original pleading. (*Gould* v. *Jacobs,* 86 N. Y. S. 2d 781, and cases therein cited.) In this instance, the moving affidavit is insufficient in that the same does not assert that knowledge of the afore-mentioned alleged defense was acquired at any time subsequent to the service of the existing answer nor does the said affidavit contain any facts excusing the defendant's failure or neglect to include said defense in the existing answer.

Further, an examination of this defense as set forth in the proposed pleading, reveals that the same is clearly insufficient. Prior to the enactment of the 1949 Federal Housing and Rent Act, only a tenant could sue for rent overcharges, provided that the action was brought within one year after the date of the violation. Under the 1949 act the one-year limitation was retained but the Federal Government was given the right, within this same period of one year, to sue for any such overcharge if the tenant failed to bring suit (to recover for said overcharge) for thirty days from the date of the violation; and when such suit was commenced by the United States, the tenant was thereafter barred from bringing an action for the same violation. However, if after the aforesaid thirty-day

period had expired, no suit were thereafter brought by the United States, the tenant's right to sue for such overcharge continued unimpaired during the remainder of the one-year limitation. The foregoing rule finds full support in a careful reading of section 205 of the 1949 Federal Housing and Rent Act and the opinion of the United States District Court in *United States* v. *Gianoulis* (86 F. Supp. 933, 938). The defense set forth in the proposed pleading is therefore clearly insufficient because it alleges only that the tenant did not bring suit within thirty days from the date of the violation or violations but fails to allege that following said thirty-day period, an action to recover these same overcharges was brought by the United States Government. In support of his motion for leave to amend, the defendant relies on the case of *Brennan* v. *Sa-Ru Corp.* (197 Misc. 467) but an examination of that opinion discloses that the precise ruling there made was solely to the effect that the 1949 Federal Housing and Rent Act did not have and could not be given a retroactive effect. It is the opinion of this court that the other language contained in the cited opinion relating to the thirty-day period mentioned in section 205 of the 1949 act consists of dictum which is not decisive of the question presented here, particularly in view of the holding in *United States* v. *Gianoulis* (*supra*). Although the sufficiency of a proposed amended pleading is not too closely scrutinized on a motion to amend the pleading, yet where, as here, the defense sought to be set forth in the proposed pleading is obviously insufficient, the motion for leave to amend should be denied. (*Oppenheim* v. *Gunther,* 86 N. Y. S. 2d 780; *Cohen* v. *Dana,* 273 App. Div. 1017 and cases therein cited.) Accordingly, the defendant's motion for leave to serve a second amended answer is denied.

Referring now to the plaintiff's motion for a modification of the defendant's notice to examine the plaintiff before trial, it appears that items No. 1 and No. 6 are not opposed and are therefore allowed. Items No. 8 and No. 9 are disallowed because these items do not relate to, nor are they necessary in support of, the issues embraced within the first counterclaim contained in the defendant's present answer. Items No. 2, No. 3, No. 4, No. 5 and No. 7 are modified to the extent of permitting the defendant to inquire as to the presence in the leased premises of the specific articles respectively enumerated in paragraphs " 8 ", " 9 ", " 10 ", and " 11 " of the defendant's answer and as to the respective removal, storage, painting, burning, damage or destruction of each of these specific articles. Settle orders on notice.