**INTERNATIONAL FASHIONS, a corporation, Plaintiff,**

v.

**Angela Marie BUCHANAN, Treasurer of the United States; Donald T. Regan, Secretary of the Treasury Department; William French Smith, Attorney General of the United States; William T. Archey, Acting Commissioner of Customs, United States Customs Service, Defendants.**

**Court No. 81–6–00744.**

United States Court of International Trade.

Dec. 29, 1981.

Glad, White & Ferguson, Los Angeles, Cal. (Robert Glenn White, Los Angeles, Cal., at oral argument and on the brief), for plaintiff.

J. Paul McGrath, Asst. Atty. Gen., Washington, D. C. (David M. Cohen, Branch Director, Commercial Litigation Branch, New York City, at oral argument and on the brief, Joseph I. Liebman, Atty. in Charge, Commercial Litigation Branch, New York City, at oral argument), for defendants.

BOE, Judge:

The consideration of the above-entitled action initially requires a determination with respect to the subject matter encompassed therein. The plaintiff claiming jurisdiction of this court under 28 U.S.C. § 1581(i) seeks recovery of supplemental duties imposed by Presidential Proclamation 4074 on certain merchandise imported by the plaintiff into the United States between August 16, 1971 and December 20, 1971.[1] Plaintiff, however, predicates its cause of action with respect to the recovery of the said supplemental duties upon the provisions of § 9(a) of the Trading With the Enemy Act (50 U.S.C.App. § 9(a)).

Although plaintiff annexes to its complaint exhibits 1, 2 and 3 enumerating the specific entries imported by the plaintiff as well as the amount of the supplemental

1. For a more complete background of the surcharge issue reference is made to the related case of *Alcan Sales, Div. of Alcan Aluminum* *Corp. v. The United States*, 528 F.Supp. 1159, decided under even date herewith.

duty imposed and paid in connection therewith, it appears from the records of this court that the majority of the entries set forth in the aforesaid schedules have been made a part of and are the subject of stipulations entered into between the plaintiff and the United States Government wherein it is agreed that the final determination of *Alcan Sales, Div. of Alcan Aluminum Corp. v. United States*, 528 F.Supp. 1159 shall be binding and conclusive upon the parties as to the surcharge issue therein.

It will be noted, therefore, that only 26 of the entries set forth in exhibit 1 annexed to plaintiff's complaint represent the subject matter of the instant action in which plaintiff seeks recovery.[2]

Issue having been joined herein, the defendant has moved the court to dismiss this civil action for lack of jurisdiction or, in the alternative, to grant summary judgment in its favor.

■ In support of its motion to dismiss the instant action for lack of jurisdiction, the defendants assert that a technical amendment to the Customs Courts Act of 1980, Pub.L. 96–542, 94 Stat. 3209, prevents this court from acquiring jurisdiction of the instant action under 28 U.S.C. § 1581(i). The technical amendment provides that § 1581(i) shall apply only with respect to civil actions commenced on or after the effective date of the Customs Courts Act of 1980—November 1, 1980. With respect to the 26 entries constituting the subject matter of the instant action, this court finds that none of said entries had been a part of a civil action filed with this court prior to its effective date of November 1, 1980. The foregoing asserted basis of defendants' motion, accordingly, cannot be sustained.

■ As a further ground for its motion to dismiss the instant action for lack of jurisdiction the defendants assert the limitations relating to the commencement of civil actions contained in 28 U.S.C. § 2636(i) providing:

(i) A civil action of which the Court of International Trade has jurisdiction un-

der section 1581 of this title, other than an action specified in subsections (a)–(h) of this section, is barred unless commenced in accordance with the rules of the court within two years after the cause of action first accrues.

The defendants contend that inasmuch as the surcharge duties were paid by plaintiff between August 16 and December 20, 1971, the respective causes of actions seeking recovery of such payments, necessarily, accrued at the time of payment in the year 1971—10 years prior to the commencement of the present action—and therefore barred by the foregoing statutory provision. Although it is recognized that some court decisions may sustain defendants' contention, this court is disposed to follow the interpretation by the Supreme Court of the United States with respect to statutes limiting the time of commencement of civil actions. The United States Supreme Court in the case of *Sohn v. Waterson*, 84 U.S. (17 Wall.) 596, 21 L.Ed. 737, 738 (1873) has stated:

But if an action accrued more than the limited time before the statute was passed a literal interpretation of the statute would have the effect of absolutely barring such action at once. It will be presumed that such was not the intent of the legislature. Such an intent would be unconstitutional. To avoid such a result, and to give the statute a construction that will enable it to stand, courts have given it a prospective operation.

Quoting from Chief Justice Taney, the Court continued:

'The question is,' . . . , 'from what time is this limitation to be calculated? Upon principle, it would seem to be clear, that it must commence when the cause of action is first subjected to the operation of the statute, unless the legislature has otherwise provided.'

*See also United States v. St. Louis, etc. Ry. Co.*, 270 U.S. 1, 46 S.Ct. 182, 70 L.Ed. 435 (1925). This court, therefore, concludes that the absence of specific statutory intent to the contrary causes § 2636(i) to be con-

---

**2.** The 26 entries above-referred to are set forth in Schedule 1 attached hereto.

strued prospectively instead of retroactively. Accordingly, the two-year period of time permitted for the commencement of a civil action pursuant to § 2636(i) begins to run from the effective date of the statutory provision—November 1, 1980. The instant action having been commenced on June 11, 1981, by the filing of a summons and complaint, defendants' motion to dismiss the same must be found to be without substance and, accordingly, denied.

Plaintiff in its complaint, while asserting jurisdiction under § 1581(i), predicates its cause of action under § 9(a) of the Trading With the Enemy Act (TWEA). Section 1581(i) frequently has been characterized as a residual grant of jurisdiction to this court. Contrary to the conception that this statutory provision may have created an all-inclusive grant of jurisdiction relating to matters concerning importations and international trade, supplemental to and in addition to the jurisdictional grants expressly defined in § 1581(a)–(h), examination and careful reading of subsection (i) clearly indicates the intention of the Congress to specifically delineate the nature of the "exclusive" supplemental jurisdiction therein provided. In so doing, the Congress has extended the jurisdiction of this court *only* to

any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—

(1) revenue from imports or tonnage;

(2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;

(3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or

(4) administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection and subsections (a)–(h) of this section.

That the undisputed facts in the instant action fall within the subject matter jurisdictional grant of § 1581(i)(2) and (4) is patently established by the pleadings. The complaint of the plaintiff alleges the imposition of supplemental duties, pursuant to Presidential Proclamation 4074, on all dutiable merchandise imported into the United States. The complaint further acknowledges the payment of monies to the Treasurer of the United States amounting to 10% ad valorem on all dutiable merchandise imported by it into the United States between August 16, 1971 and December 20, 1971. Clearly, the subject matter before this court relates to duties on imports within the contemplation of § 1581(i)(2). Thus the real issue confronting this court is not one of jurisdiction of the subject matter but rather whether the cause of action on which the plaintiff predicates its present claim and prayer for relief is one upon which relief can be herein granted.

The plaintiff has not challenged the validity of the imposition of the surcharge imposed by Presidential Proclamation 4074 nor taken issue with the decisions of the Court of Customs and Patent Appeals in *United States v. Yoshida International, Inc.*, 63 CCPA 15, 526 F.2d 560 (1975) and *Alcan Sales v. United States*, 63 CCPA 83, 534 F.2d 920 (1976), *cert. denied*, 429 U.S. 896, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976), sustaining the power of the President to regulate imports by the imposition of duties pursuant to the authority granted by § 5(b) of the TWEA. The gravamen of plaintiff's cause of action is the alleged continued holding and retention of property by the Treasurer of the United States belonging to a United States resident, not an enemy or an ally of an enemy of the United States. Section 9(a) of the Act, upon which plaintiff predicates its claim, is a remedial statute of special purpose. It provides a judicial remedy only to

(a) Any person not an enemy or ally of enemy claiming any interest, right, or title in any money or other property which may have been conveyed, transferred, assigned, delivered, or paid to the Alien Property Custodian or seized by him hereunder and held by him or by the Treasurer of the United States, . . .

As so clearly pointed out in the case of *Societe Internationale, v. Rogers*, 357 U.S.

197, 211, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958), the United States Supreme Court stated:

> Past decisions of this Court emphasize that this summary power to seize property which is believed to be enemy-owned is rescued from constitutional invalidity under the Due Process and Just Compensation Clauses of the Fifth Amendment only by those provisions of the Act which afford a nonenemy claimant a later judicial hearing as to the propriety of the seizure. (Citations omitted.)

A cause of action created by § 9(a) of the Trading With the Enemy Act relates solely to the recovery of property seized and/or vested pursuant to the TWEA and, accordingly, not only is inapplicable but fails to state a claim upon which relief can be granted to the plaintiff in the instant action.

In the case of *Alcan Sales, Div. of Alcan Aluminum Corp. v. United States*, 528 F.Supp. 1159, under even date herewith, this court, in considering a claim for the recovery of supplemental duties imposed pursuant to Presidential Proclamation 4074, held that § 9(a) of the TWEA, under which that cause of action was likewise predicated, was inapplicable to the determination of the issue therein. The court further found the surcharge in question imposed by Presidential Proclamation 4074 was a valid exercise of authority delegated to the President by § 5(b) of the TWEA to regulate importations at a time of a declared national emergency and for the specific purposes set forth with particularity in the Proclamation. The imposition of the surcharge in the instant action, as in the case of *Alcan Sales, Div. of Alcan Aluminum Corp. v. United States*, 528 F.Supp. 1159, did not constitute a "vesting" of property within the meaning of § 5(b) of the TWEA, nor a taking of property within the intendment of the Fifth Amendment to the Constitution of the United States. The reasoning of this court as more fully expressed in *Alcan Sales, Div. of Alcan Aluminum Corp.*, 528 F.Supp. 1159, is deemed relevant and appropriate hereto without the need of further repetition.

This court concludes that the decisions of our appellate court in the cases of *United States v. Yoshida International, Inc., supra*, and *Alcan Sales v. United States*, 63 CCPA 83, 534 F.2d 920 (1976), *cert. denied*, 429 U.S. 896, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976), are stare decisis of the issue herein.

Accordingly, the alternative motion of the defendant for summary judgment is granted.

Let judgment be entered accordingly.

### SCHEDULE 1

| ENTRY NO. | ENTRY NO. |
|---|---|
| 71–808822 | 71–820587 |
| 71–812530 | 71–824074 |
| 71–812686 | 71–823475 |
| 71–813692 | 71–829417 |
| 71–815083 | 71–819650 |
| 71–809107 | 71–808448 |
| 71–816552 | 71–821667 |
| 71–818582 | 71–824054 |
| 71–822086 | 71–813873 |
| 71–819691 | 71–817242 |
| 71–819890 | 71–138189 |
| 71–820588 | 71–141445 |
| 71–820586 | 71–828974 |